# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

SCANNED at MENARD and E-mailed
9-7-21 by JB 93 pages
Date    initials    No.

_____ )
_____ )
RAYMOND STENDE _____ )   Case Number: __21-1108-SMY__
_____ )
_____ )              (Clerk's Office will provide)
_____ )
*Plaintiff(s)/Petitioner(s)* )
v. )   ☒ CIVIL RIGHTS COMPLAINT
C/O DOER, C/O TOMSHACK, C/O BOWLES, C/OURASKI, )   pursuant to 42 U.S.C. §1983 (State Prisoner)
NURSE DANNI DOE, SCOTT THOMPSON, SARGENT )   ☐ CIVIL RIGHTS COMPLAINT
MONROE, CHARLES HECK, MARCUS MYERS, C/O BROWN )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
SARGENT BRANDT, MS. HOOD, MARINARTI, EVELSITZER, )   ☐ CIVIL COMPLAINT
LINDBERG, LAWRENCE, MS. ZIMMER, ANGELA )   pursuant to the Federal Tort Claims Act, 28 U.S.C.
CRAIN, *Defendant(s)/Respondent(s)* )   §§1346, 2671-2680, or other law
DR. SIDDIQUI,
NURSE JANE DOE, DEBBIE KNAUER, MOLLY McELVAIN, DR. S. LANE

## I.    JURISDICTION

**Plaintiff:**   RAYMOND STENDE   R34993

A.    Plaintiff's mailing address, register number, and present place of
confinement.

P.O. BOX 1000
MENARD, IL.
62259

**Defendant #1:**

B.    Defendant   SCOTT THOMPSON   is employed as
_____
(a)    (Name of First Defendant)

WARDEN
(b)    (Position/Title)

with   PINCKNEYVILLE CORRECTIONAL CENTER
(c)    (Employer's Name and Address)

5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: HE IS EMPLOYED BY ILLINOIS
DEPARTMENT OF CORRECTIONS AND IS RESPONSIBLE FOR THE DAILY
OPERATIONS OF THE PRISON INCLUDING THE RULES AND REGULATIONS
FOR INMATES AND OFFICERS.

Rev. 10/3/19

**Defendant #2:**

C.    Defendant _C/O DOER_____ is employed as

(Name of Second Defendant)

_CORRECTIONAL OFFICER_____

(Position/Title)

with _PINCKNEYVILLE CORRECTIONAL CENTER_____

(Employer's Name and Address)

_5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274_

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain: HE IS A CORRECTIONAL OFFICER
FOR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

DEFENDANT #3: C/O TOMBHACK IS EMPLOYED AS A CORRECTIONAL
OFFICER AT PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE
ROUTE 154, PINCKNEYVILLE, IL. 62274.
AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #3
WAS EMPLOYED AS A CORRECTIONAL OFFICER FOR THE ILLINOIS DEPARTMENT
OF CORRECTIONS.

Rev. 10/3/19

DEFENDANT #4: C/O BOWLES IS EMPLOYED AS A CORRECTIONAL OFFICER AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #4 WAS EMPLOYED AS A CORRECTIONAL OFFICER FOR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #5: C/O URASKI IS EMPLOYED AS A CORRECTIONAL OFFICER AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #5 WAS EMPLOYED AS A CORRECTIONAL OFFICER FOR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #6: NURSE DANNI DOE IS EMPLOYED AS A CORRECTIONAL NURSE BY WEXFORD AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #6 WAS EMPLOYED AS A NURSE ON BEHALF OF WEXFORD WORK FOR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #7: SARGENT MONROE. IS EMPLOYED AS A SARGENT AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #7 WAS EMPLOYED AS A SARGENT BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #8: CHARLES HECK IS EMPLOYED AS A LIEUTENANT/ADJUSTMENT COMMITTEE CHAIRPERSON AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #8 WAS EMPLOYED AS A LIEUTENANT BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #9: MARCUS MYERS IS EMPLOYED AS A SARGENT AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #9 WAS EMPLOYED AS A SARGENT BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #10: C/O BROWN IS EMPLOYED AS A CORRECTIONAL OFFICER AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #10 WAS EMPLOYED

BY THE ILLINOES DEPARTMENT OF CORRECTIONS, AS A CORRECTIONAL OFFICER.

DEFENDANT #11: SARGENT BRANDT IS EMPLOYED AS A SARGENT AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #11 WAS EMPLOYED AS A CORRECTIONAL OFFICER BY THE ILLINOES DEPARTMENT OF CORRECTIONS.

DEFENDANT #12: MS. HOOD IS EMPLOYED AS A CORRECTIONAL COUNSELOR AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #12 WAS EMPLOYED AS A CORRECTIONAL COUNSELOR BY THE ILLINOES DEPARTMENT OF CORRECTIONS.

DEFENDANT #13: MARNARTI IS EMPLOYED AS A LIEUTENANT AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #13 WAS EMPLOYED AS A LIEUTENANT BY THE ILLINOES DEPARTMENT OF CORRECTIONS.

DEFENDANT #14: EVELSIZER IS EMPLOYED AS A MAJOR AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #14 WAS EMPLOYED AS A ~~LIEUTENANT~~ MAJOR BY THE ILLINOES DEPARTMENT OF CORRECTIONS.

DEFENDANT #15: LINDBERG IS EMPLOYED AS MAINTENANCE AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #15 WAS EMPLOYED AS A SARGENT BY THE ILLINOES DEPARTMENT OF CORRECTIONS.

DEFENDANT #16: LAWRENCE IS EMPLOYED AS A WARDEN ~~BUT WAS NO LONGER AT THE~~ ~~FACILITY~~ AND AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT HE WAS THE WARDEN AT MENARD CORRECTIONAL CENTER AND HE WAS EMPLOYED BY THE ILLINOES DEPARTMENT OF CORRECTIONS ~~AND WAS VOLOTEER AT THIS IN WARDEN VOTUES IN THIS MARKET~~

DEFENDANT #17: MS. ZIMMER IS EMPLOYED AS A NURSE PRACTITIONER AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THE COMPLAINT DEFENDANT #17 WAS EMPLOYED

AS A NURSE PRACTITIONER BY THE ILLINOIS DEPARTMENT OF CORRECTIONS, THROUGH WEXFORD HEALTH SOURCES.

DEFENDANT #18: ANGELA CRAIN IS EMPLOYED AS THE HEALTH CARE UNIT ADMIN-ISTRATOR AT MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #18 WAS EMPLOYED AS THE HEALTH CARE UNIT ADMINISTRATOR BY THE ILLINOIS DEPARTMENT OF CORRECTIONS, THROUGH WEXFORD HEALTH SOURCES.

DEFENDANT #19: DR. SIDDIQUI IS EMPLOYED AS THE FACILITY MEDICAL DIRECTOR AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #19 WAS EMPLOYED AS THE FACILITY MEDICAL DIRECTOR BY THE ILLINOIS DEPARTMENT OF CORRECTIONS THROUGH WEXFORD HEALTH SOURCES

DEFENDANT #20: NURSE JANE DOE IS EMPLOYED AS A NURSE AT THE MENARD CORRECTIONAL CENTER AT 711 KASKASKIA STREET, MENARD, IL. 62259. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #19 WAS EMPLOYED BY ~~ADMINISTRATION~~ ~~ORGANIZATION~~ THE ILLINOIS DEPARTMENT OF CORRECTIONS, THROUGH WEXFORD HEALTH SOURCES.

DEFENDANT #21: DEBBIE KNAUER IS EMPLOYED AS A ADMINISTRATIVE REVIEW BOARD CHAIRPERSON AT 1301 CONCORDIA COURT, SPRINGFIELD, IL. 62794. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #21 WAS EMPLOYED AS A ADMINISTRATIVE REVIEW BOARD CHAIRPERSON BY THE ILLI-NOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #22: MOLLY McELVAIN IS EMPLOYED AS A MENTAL HEALTH PROFESSIONAL AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT #22 WAS EMPLOYED AS A MENTAL HEALTH PROFESSIONAL THROUGH WEXFORD HEALTH SOURCES AT THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #23: DR. S. LANE IS EMPLOYED AS A PSYCH. ADMINISTRATOR / CLINICIAN AT THE PINCKNEYVILLE CORRECTIONAL CENTER AT 5835 STATE ROUTE 154, PINCKNEYVILLE, IL. 62274. AT THE TIME THE CLAIM AROSE IN THIS COMPLAINT DEFENDANT 23 WAS EMPLOYED AS A PSYCH. ADMINISTRATOR THROUGH WEXFORD AT. I.D.O.C.

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☒Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):    ① STINDE          ② STINDE          ③ STINDE
                      VS                VS                VS
Defendant(s):  CARNAHAN,       C. TARR          SCHOENBECK
                ET. AL          ET AL            ET. AL

2.    Court (if federal court, name of the district; if state court, name of the county): THE FIRST 2 ABOVE CASES (NORTHERN DISTRICT COURT) THE THIRD CASE SOUTHERN DISTRICT COURT.

3.    Docket number: 1:09-CV-07343/ 1:15-CV-08309 /3:19-CV-01140

4.    Name of Judge to whom case was assigned: LINDBERG, KENNELLY, AND BEATTY

5.    Type of case (for example: Was it a habeas corpus or civil rights action?): 1983 CIVIL RIGHTS

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):

STINDE          STINDE          | STINDE VS SCHOENBECK, ET. AL
VS       AND    VS              | IN LITIGATION
TARR            CARNAHAN        | NOW AND PENDING
(BOTH DISMISSED WITHOUT)
PREJUDICE

7.   Approximate date of filing lawsuit: STINDE VS TARR FLIED 12-14-09 / STINDE VS CARNAHAN FLIED 9-21-15 / STINDE VS SCHOENBECK FLIED 10-21-19

8.   Approximate date of disposition: (TARR 6-10-11) (CARNAHAN 12-15-15) STINDE VS SCHOENBECK PENDING

9.   Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"  TARR AND CARNAHAN DISMISSED WITHOUT PRETUDICE. SCHOENBECK CASE IN LITIGATION AND PENDING.

## III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?                                    ☒ Yes   ☐ No

C.   If your answer is YES,
   1.   What steps did you take? I EXHAUSTED MY REMEMDIES WITH THE PRISON THROUGH THE GRIEVANCE PROCEDURE AND THE ADMINISTRATIVE REVIEW BOARD. WHICH WAS ON CLAIM #2 I NEVER GOT A RESPONSE TO MY GRIEVANCE FILED 7-20-19, ALL OTHER CLAIMS EXHUASTED.

   2.   What was the result? ALL CLAIMS DENIED, AND NEVER RESPONDED TO CLAIM #2 DELIBERATE INDIFFERENCE SO I WROTE THE ADMINISTRA REVIEW BOARD ON 1-28-20 ABOUT MY GRIEVANCE AND THEY NEVER RESPONDE A COPY OF LETTER ATTACHED AND PROOF OF MAILING ATTACHED.

D.   If your answer is NO, explain why not.

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                    ☐ Yes   ☐ No

F.   If your answer is YES,
   1.   What steps did you take?

Rev. 10/3/19

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I BRING FOURTH THESE CLAIMS AND VIOLATIONS BEING A SERIOUSLY MENTALLY ILL OFFENDER AND STATE THE FOLLOWING:

*CLAIM #1 FAILURE TO PROTECT*

1.) ON JULY 2ND 2019 EARLY MOURNING I WAS NOTIFIED BY AN IN-MATE NAMED "VAN OPPEN" THAT HE WAS GOING TO GET MY DOOR OPENED TO MY CELL TO FIGHT ME BECAUSE I WAS RUMORED TO HAVE SAID THAT VAN OPPEN WAS A SNITCH OR POLICE.

2.) VAN OPPEN WAS A INSTITUTIONAL WORKER AND HE WORKED FROM 7AM - 3PM AND HIS CELL WAS LOCATED IN R1 HOUSING UNIT, DELTA WING, CELL 14. MY CELL WAS LOCATED NEXT DOOR TO VAN OPPEN CELL 13.

3.) BY VAN OPPEN BEING A WORKER IT IS VERY EASY FOR HIM TO GET MY DOOR OPENED BY ASKING THE OFFICER IN THE CONTROL POD TO OPEN THE DOOR WHICH STAFF SHOULD NOT OPEN ANOTHER OFFENDERS CELL THATS NOT HIS UNLESS ITS HES CELL BUT STAFF DO FOR WORKERS AT TIMES.

4.) THE MOURNING OF JULY 2ND 2019 OFFICER DOERR WAS IN CHARGE OF DELTA WING AND I NOTIFIED C/O DOERR OF VAN OPPENS

4

INTENTIONS AND C/O DOERR STATED, "HE IS MY WORKER, HES NOT GOING TO DO NOTHING TO YOU", BUT I'll NOTIFY THE SARGENT.

5.) AS I WAITED MOST OF THE MOURNING TO SPEAK TO THE SARGENT NO SARGENT NEVER CAME TO MY CELL SO I CAME TO THE REALIZATION JUST OFF HES COMMENT NO SARGENT WAS COMING.

6.) AROUND AND AFTER 11:30 AM MY CELL DOOR WAS BUZZED OPEN SO I IMMEDIATELY CAME OUT AS WELL AS TOOK MY GARBAGE OUT, THAT AWAY BEING VAN OPPEN GOT MY DOOR OPENED BY ME COMING OUT THE CELL HE WOULD HAVE TO FIGHT ME IN THE DAYROOM AND ON CAMERA AND STAFF WOULD SEE.

7.) AS I CAME OUT AND HEADED TO THE FRONT OF THE WING TO SEE IF I COULD FIND STAFF AND DUMP MY TRASH VAN OPPEN WALKED BY ME AND STATED, "TOLD YOU I WOULD GET YOUR DOOR OPENED." AS I LOOKED IN THE CONTROL POD THE OFFICER THAT HAD OPENED MY DOOR AT THIS TIME WAS C/O TOMSHACK.

8.) I SAW OFFICERS ON ANOTHER WING DEALING WITH A PROBLEM IT LOOKED LIKE AND THE WING DOOR WAS LOCKED SO I JUST SAW VAN OPPEN GO IN THE LAUNDRY ROOM SO I FIGURED I'D JUST GO BACK TO MY CELL AND SHUT THE DOOR AND AS I WENT BACK TO MY CELL I GOT DISTRACTED BY VAN OPPEN CELLMATE SPEAKING TO ME AND JUST IN THAT TIME IT GAVE VAN OPPEN TIME TO COME OUT THE LAUNDRY ROOM AND INTO MY CELL.

Revised 9/2007

9.) As Van Oppen entered my cell he pushed me and it caused me to go back to the back of the cell from the force of his push and as I gathered myself and walked towards the middle of my cell Van Oppen struck me with my hot pot in my nose putting a cut/gnash in the **BRIDGE** of my nose which immediately started bleeding and he rushed me and I just began defending myself against his non-stop attacks and I just blacked out from that point.

10.) Van Oppen went and reported the altercation to staff due to him being a worker and look like he was fighting he knew he could not get around that and Van Oppen stated in his own statement he admitted to coming into my cell and fighting with me because I allegedly was calling him the police or a snitch, (Exhibit 1).

11.) When an correctional officer is assigned to a wing as C/O Doerr was assigned to Delta wing on the day of July 2nd, 2019 he is to make sure his wing is secured AT ALL TIMES and making rounds. C/O Doerr failed to report my claim nor was he making sure his wing was secure and had he done either, this situation most likely would of been avoided and Van Oppen wouldn't of gained such easy access to plaintiffs cell.

12.) C/O Tomshack had no right to open another offenders door for another offender as no wing officer was present and he himself neglected to see what Van Oppen was doing and why he wanted another inmates cell door open as he simply did Van Oppens request to come into my cell and assault an offender and had he not opened my cell door Van Oppen would of never been able to get into my cell and C/O Tomshack is just as responsible as C/O Doerr for failing to protect me.

13.) I was escorted from my housing unit to the health care to be assessed for my injuries, also pictures was taken by internal affairs C/O Uraski and C/O Bowles.

14.) The injuries sustained was a cut across the bridge of my nose, cuts on hands and knuckles, right elbow, and lower lip, (injury report by nurse Dani Doe), (Exhibit 2 and 2A).

15.) Due to my injuries and events that occurred I had a mental breakdown and was placed on crises watch.

16.) Nurse Dani Doe failed to give me any pain medication knowing I was in pain and she also didn't refer me to the medical doctor

AFTER KNOWING I WAS STRUCK IN THE NOSE WITH A HOT POT AND FROM HER ACTS THIS CONSTITUTED DELIBERATE INDIFFERENCE TO MY MEDICAL NEEDS AND I SAW NURSE DANI DOE AT APPROX. 11:45 AM ON 7-2-19.

17.) ON AND AROUND 9:30 PM AT NIGHT DURING CRISIS WATCH MEDICINE PASS I WAS IN EXTREME PAIN WITH MY NOSE SO I BEGGED NURSE JANE DOE TO LOOK AT MY NOSE. NURSE JANE DOE CLEANED MY NOSE, GAVE ME PAIN MEDICATION, AND PUT ME IN TO SEE THE DOCTOR AS SHE SAW MY NOSE HAD A SLIGHT DERIATION TO THE RIGHT, (EXHIBIT 3A AND 3B, 3C).

18.) ON 7-3-19 I WAS SEEN FOR MY INJURY TO MY NOSE AND ALSO AN X-RAY OF MY NOSE WAS ORDERED BY DOCTOR MEYERS.

19.) FROM THE ALTERCATION I RECIEVED A DISCIPLINARY REPORT ON 7-3-19 FOR THE CHARGES OF 102b-ASSAULT, 110-IMPEDING AN INVESTIGATION, 202-DAMAGE AND MIS-USE OF PROPERTY, 214-FIGHTING, (EXHIBIT 4).

20.) ON 7-5-19 THE X-RAYS OF MY NOSE CAME BACK AND I RECIEVED AND SUFFERED A NON DISPLACED FRACTURE OF THE MID NASAL BONE, (EXHIBIT 5).

21.) AFTER BEING ON CRISIS WATCH FOR DAYS ON 7-11-19 I WAS PUT ON AN EMERGENCY TRANSFER TO MENARD CORRECTIONAL CENTER. PRIOR TO LEAVING THE ADJUSTMENT COMMITTEE CAME TO MY CELL DOOR TO HEAR APPROX. 5 DIS-CIPLINARY REPORTS I HAD DUE TO NOT BEING MENTALLY STABLE AND THE COMMITTEE CONSISTED OF CHARLES HECK AND MARCUS MEYERS.

✻ DUE PROCESS VIOLATION, CRUEL AND UNUSUAL PUNISHMENT AND ✻
DELIBERATE INDIFFERENCE TO PLAINTIFFS SERIOUS MENTAL ILLNESS

22.) AT THE COMMITTEE PLAINTIFF WAS NOT IN HIS RIGHT STATE OF MIND AND WHEN PLAINTIFF WAS ASKED HOW HE PLEADED HE STATED; "I DONT KNOW WHAT I DID, THE DEVIL HAD CONTROL." THEREFORE PLAINTIFFS SANCTIONS WAS LEFT IN THE ADJUSTMENT COMMITTEES HANDS AS WELL AS HIS WELL BEING.

23.) THE COMMITTEE FOUND PLAINTIFF GUILTY ON ALL CHARGES ON THE DISCIPLIN-ARY REPORT WRITTEN ON 7-3-19, (EXHIBIT 6).

24.) CHRISTOPHER SCOTT-THOMPSON APPROVED OF THESE SANCTIONS ON 7-17-19.

25.) PLAINTIFF WROTE A GRIEVANCE CHALLENGING THE CHARGES HE WAS ALLEDGED TO HAVE COMMITTED BECAUSE THE CHARGES PLAINTIFF WAS CHARGED WAS INSUFFICIANT FOR EXAMPLE 102b-ASSAULT CHARGE DEFINITION STATES YOU CAN ONLY ASSAULT STAFF, VOLUNTEERS, AND VISITORS SO IT WAS TOTALLY IMPOSSIBLE FOR THE PLAINTIFF TO GET CHARGED AND FOUND GUILTY OF THIS CHARGE, (EXHIBIT A IS 102b ASSAULT DEFINITION).

26.) WHEN PLAINTIFF APPEALED TO THE ADMINISTRATIVE REVIEW BOARD, DEBBIE KNAUER DELETED THE CHARGE 102 D ASSAULT AND 110 IMPEDING AN INVESTIGATION, AS BEING UNSUBSTANIATED BUT ERRORONOUSLY KEPT ALL THE SANCTIONS TO REMAIN IN PLACE, (EXHIBIT 7).

27.) MENTAL HEALTH RECOMMANDED THAT I RECIEVE NO SEGREGATION BY ME BEING A SERIOUSLY MENTALLY ILL OFFENDER, BUT DO TO IT BEING AN ASSAULT THE ADJUSTMENT COMMITTEE OVERRODE MENTAL HEALTH AND GAVE ME TO MONTHS SEG.

28.) WHEN THE ADMINISTRATIVE REVIEW BOARD, DEBBIE KNAUER, DELETED THE ASSAULT THAT SHOULD HAVE ENDED THE SEGREGATION TERM BECAUSE AS THE ADJUSTMENT COMMITTEE STATED THERESELVES THEY ARE ONLY ASKING 2 MONTH SEG BECAUSE OF THE ASSAULT ITSELF, (EXHIBIT 6).

27.) FURTHERMORE PLAINTIFF WAS LEFT GUILTY OF 2 CHARGES, 214-FIGHTING AND 202-DAMAGE AND MISUSE OF PROPERTY.

30.) THE DEFINITION FOR 214-FIGHTING IS:

"FIGHTING WITH ANOTHER PERSON IN A MANNER THAT IS NOT LIKELY TO CAUSE SERIOUS BODILY INJURY TO ONE OR THE OTHER AND THAT DOES NOT INVOWIE A WEAPON."

(EXHIBIT 8)

31.) CLEARLY, IN THE DISCIPLINARY REPORT, (EX.4) VAN OPPEN STATED THAT "STINDE STRUCK [VAN OPPEN] IN THE HEAD WITH THE HOT POT," VAN OPPEN FURTHER STATED, "THAT THE HOT POT HANDLE BROKE FREE FROM THE HANDLE AND STINDE BEGAN USING THE HANDLE TO STRICKE VAN OPPEN IN THE FACE UNTIL THE ALTER-CATION WAS BROKE UP BY A PORTER, (EXHIBIT 4).

32.) SO ACCORDINGLY PLAINTIFF SHOULD OF HAD THE CHARGE OF 214-FIGHTING DELETED AS WELL BECAUSE IT IS ALLEDGED PLAINTIFF USED A HOT POT AS A WEAPON AND THE CHARGE DEFINITION OF 214 FIGHTING STATES, "THAT DOES NOT INVOIVE A WEAPON"/!

33.) NOWHERE IN THE ADJUSTMENT COMMITTEE FINAL SUMMARY, "BASES FOR DECISION", DOES IT STATE THE EDVIDENCE RELIED ON TO FIND OFFENDER GUILTY OF 202-DAMAGE AND MISUSE OF PROPERY AND THE FACT FINDER IS SUPPOSE TO STATE THE EDVIDENCE IT RELIED ON AND REASONS FOR THE DISCIPLINARY ACTION, NO BROKEN HOT POT WAS DISCOVERED OR CONFISCATED.

34.) COURTS HAVE FOUND AND SAID, "THAT THE WRITTEN STATEMENT BY THE FACT FINDER MUST BE REASONABLY SPECIFIC AND MAY NOT SIMPLY ADOPT

THE OFFICERS REPORT AND IF YOU WILL REVIEW THE DISCEPLENARY REPORT EX. 4, AND THEN REVIEW THE ADJUSTMENT COMMITTEE FINAL SUMMARY, "BASIS FOR DECISION", EX. 6, YOU WILL FIND THE COMMITTEE ADOPTED THE OFFICERS DISCEPLINARY REPORT AND FAILED TO PROVIDE EVIDENCE PLAINTIFF VIOLATED 202- DAMAGE AND MISUSE OF PROPERTY.

35.) IN SUM, WHEN MY WELL BEING WAS LEFT IN THE HANDS OF THE ADJUSTMENT COMMITTEE DUE TO PLAINTIFF NOT BEING MENTALLY STABLE THE COMMITTEE FOUND PLAINTIFF GUILTY OF CHARGES THAT HE COULDN'T EVEN BE FOUND GUILTY OF AND THOMPSON TURNING THE BLIND EYE AND ALSO APPROVING THESE SANCTIONS.

36.) IT WAS NEVER STATED THE EVIDENCE THE COMMITTEE RELIED ON AND EVEN THOUGH DEBBIE KNAUER DELETED SOME CHARGES SHE STILL FELT THE NEED TO MALICIOUSLY PUNISH PLAINTIFF BY KEEPING ALL SANCTIONS INTACT WHEN THE CHARGES SHE DELETED IS THE REASON SEG WAS RECOMMENDED. HECK, MEYERS, THOMPSON, AND KNAUER DISREGUARDED IM SERIOUSLY MENTALLY ILL AND SET OUT TO CAUSE HARM TO PLAINTIFF, BY THERE FINDING WITHOUT EVIDENCE.

*CONDITIONS OF SEGREGATION*

37.) WHEN ARRIVING TO MENARD ON AN EMERGENCY TRANSFER ON 7-11-19 FROM PINCKNEYVILLE CORRECTIONAL CENTER I WAS LABELED A "STAFF ASSAULTER."

38.) I WAS PLACED IN NORTH 2, CELL 633, OF THE SEGREGATION UNIT KNOWN AS RESTRICTIVE HOUSING NOW, UPON ENTERING THE CELL IT REAKED OF URINE AND THE MATTERLESS LOOKED AS THOUGH IT HAD BEEN DRAGGED IN DIRT AND URINE STAINED AS THE PLASTIC COVER HAD BEEN TAKEN OFF SO IT WAS PURE COTTON. BUT THE CELL WAS FILTHY AND DEPLORABLE.

~~BROTH WAS PURE COTTON AROUND THE BED AREA FULL OF BLOOD AND DROPPINGS~~

39.) THE REGULAR OFFICER THAT WORKED THE GALLERY ALMOST 5 DAYS A WEEK WAS C/O BROWN SO I SAW AND ASKED HIM FOR A BEDROLL WHICH CONSISTED OF SHEETS, BLANKET, PILLOW, AND I ASKED HIM FOR A BASIC HUMAN NEEDS HYGIENE BAG WITH SOAP, TOOTHPASTE, TOOTHBRUSH, AND TOILET PAPER IN IT BECAUSE THIS IS WHAT YOU NORMALLY GET AND C/O BROWN STATED HE WOULD GET THESE THINGS BUT NEVER DID AND I HAD WENT TO SLEEP.

40) ON 7-12-19 THE NEXT DAY DURING C/O BROWN SHIFT I ASKED HIM AGAIN AND HE NEVER BROUGHT ANYTHING, ON HIS 7AM-3PM SHIFT.

41.) ON THE 3PM-11PM SHIFT I ASK THE OFFICER THAT PASSED BY AND HE EXPLAINED TO ME I HAD TO GET THOSE THINGS ON THE 7AM-3PM SHIFT WHICH WAS TRUE BUT I STILL TRIED EVEN COMPLAINING.

42.) ON 7-13-19 ON THE 7AM-3PM SHIFT I ASKED C/O BROWN NUMEROUS TIMES THROUGHOUT THE DAY FOR A BED ROLL AND A HYGIENE BAG AND STILL NEVER RECIEVED ANYTHING ALSO THAT MY HOT WATER WONT SHUT OFF SO I CAN DRINK COLD WATER.

43.) I ASKED AROUND AND FOUND OUT WHO 6 GALLERY COUNSELOR WAS AND I WAS TOLD MS. HOOD AND I WROTE HER AND I ASKED HER FOR SOME GRIEVANCES AND MONEY VOUCHERS AND MONEY VOUCHER IS WHAT IS NEED TO SEND OUT BLANK ENVELOPE THAT DOES NOT HAVE POSTAGE ON THEM.

44.) MS. HOOD RESPONDED THAT GRIEVANCES AND MONEY VOUCHERS ARE AVAILABLE ON THE GALLERY PER REQUEST, (EXHIBIT 9).

45.) I THEN RESPONDED TO MS. HOOD ABOUT THE CONDITIONS OF MY CELL, MATTRESSLESS, SINK (NOT WORKING), AND STAFF NOT ALLOWING ME TO GET ANY GRIEVANCES OR MONEY VOUCHERS TO SEND MAIL OUT WITH BLANK ENVELOPES AND SHE NEVER RESPONDED TO MY RESPONSE, (EXHIBIT 10), THIS WAS ON AND AROUND 7-15-19.

46) ON 7-17-19 AND 7-18-19 LT. MARNATTI DID ROUNDS ON THE GALLERY AND I STOPPED HIM AND ASK HIM TO LOOK INTO MY CELL I HAVE NO BEDROLL, HYGIENE BAG, OR ANYTHING AND HE ASSURED ME HE WOULD GET ME A BED ROLL AND A HYGIENE BACK BUT NEVER GOT ME ANYTHING. I STILL HADN'T EVEN SHOWERED AT THIS POINT BECAUSE MENARD HAS A SYSTEM CALLED "PINK TAG" WHERE THEY DENY YOU A SHOWER FOR 7 DAYS OR MORE AND RECREATION 30 DAYS OR MORE.

47.) ON 7-17-19 AND 7-18-19 C/O BRANDT AT THE TIME HAD 6 GALLERY AND I NOTIFIED HIM I HAD NO BEDROLL OR HYGIENE BAG AND HE TO LOOKED INTO MY CELL AND ASSURED ME HE WOULD GET ME EVERYTHING BUT DID NOTHING

AND TURNED THE BLIND EYE TO MY CONDITIONS.

49.) ON AND AROUND 7-19-19 I WENT TO NURSE SICK CALL FOR INTAKE PROCEEDING AND BY THIS TIME FROM THE CONDITIONS OF MY DEPLORABLE CELL, BED, AND NOT SHOWERING DUE TO NO BASIC HUMAN NEEDS MY ENTIRE BODY HAD BROKEN OUT AND ITCHED REALLY BAD AND KEPT ME AWAKE MOST OF THE NIGHT LOSING COUNTLESS HOURS OF SLEEP SCRATCHING AND BREAKING OPEN MY SKIN FROM THE SCRATCHING AND I REPORTED THIS TO THE NURSE AT SICK CALL AND SHE GAVE ME SOME ANTI-FUNGAL CREAM OUT OF THE STOCK CABINET, (EXHIBIT 11).

50.) AS THE DAY PAST BY I CONTINUED ASKING C/O BROWN AND C/O BRANDT WHO WAS ASSIGNED 6 GALLERY FOR HELP WITH MY BEDROLL AND HYGIENE BAG AND THEY CONTINUED TO TURN THE BLIND EYE TO MY CONDITIONS WHICH I BELIEVE THIS WAS THERE RETALIATION FOR ME BEING A "STAFF ASSAULTER" BECAUSE OTHER INMATE THAT CAME IN AS A STAFF ASSAULTER WAS TREATED THE SAME THEY GOT NOTHING.

51.) ON AND AROUND 7-27-19 I HAD FINALLY RECEIVED MY PERSONAL PROPERTY FROM PINCKNEYVILLE CORRECTIONAL CENTER IN WHICH FOR THE FIRST TIME I HAD SOAP, TOOTHPASTE, DEODORANT, TISSUE, CLOTHES, AND TOWELS SINCE BEING AT MENARD CORRECTIONAL CENTER, PROPERTY SHEET, (EXHIBIT 12).

52.) ON 7-28-19 I WAS ABLE TO SHOWER FOR THE FIRST TIME SINCE BEING AT MENARD NOW THAT I HAVE BASIC HUMAN NEEDS AND CLOTHES AND TOWELS TO DO SO PREVIOUSLY I COULDN'T BECAUSE OF NO SOAP, NO CLOTHES, ETC.

53.) ON AND AROUND 7-29-19 OR 7-30-19 I PUT IN FOR SICK CALL AGAIN BECAUSE OF THE CONTINUED BREAKING OUT OF MY BACK DUE TO IT WORSENING BUT THEY TRIED TO MAKE ME SIGN A CO-PAYMENT AND I REFUSED BECAUSE MENARD IS THE CAUSE OF THIS PROBLEM SO I WASN'T GOING TO PAY THEM TO BE SEEN WHEN THEY HAVE ME LIVING IN THESE DEPLORABLE CELL CONDITIONS.

54.) ON AND AROUND 7-31-19 / 8-1-19 I WENT TO SEE THE NURSE PRACTITIONER AND MY BACK WAS STILL BROKEN OUT BUT DUE TO ME BEING CHAINED TO THE STOOL SHE REALLY COULDN'T EXAMINE MY ENTIRE BACK TO SEE HOW MY DEPLOR-ABLE CELL CONDITIONS HAD DID MY BACK SO SHE LOOKED AT WHAT SHE COULD SEE AND GAVE ME SOME HYDROCORTISONE CREAM, (EXHIBIT 13).

55.) ON 7-31-19 I SENT MAJOR EVELSIZER, SARGENT LINDBERG, AND THE WARDEN LAWRENCE A LETTER LETTING THEM KNOW OF THIS DEPLORABLE CELL CONDITIONS AND WHAT WAS GOING ON, (EXHIBIT 14), AND I HAVE SOUGHT THE HELP

OF C/O BROWN, C/O BRANDT, AND LIEUTENANT MARNARTI ALL WHICH HAVE TURNED THE BLIND EYE TO MY CONDITIONS.

56.) MAJOR EVELSIZER AT THE TIME WAS IN CHARGE OF NORTH 2 SEG UNIT, SARGENT LINDBERG WAS THE SARGENT OF NORTH 2 SEG AT THE TIME, AND WARDEN LAWRENCE WAS RESPONSIBLE FOR ALL STAFF AND DAILY OPERATIONS IN MENARD.

57.) ON 8-4-19 LT. SNELL MADE ROUNDS ON 6 GALLERY SEG SO AGAIN I SHOWED HIM I NEED A BEDROLL AND I EXPLAINED TO HIM MY CONDITIONS AND HE STATED HE WOULD GET ME A BEDROLL AND THAT WAS THE BEST HE COULD AND WOULD DO.

58.) DEFENDANTS C/O BROWN, C/O BRANDT, MS. HOOD, LT. MARNARTI, EVELSIZER, SARGENT LINDBERG, AND WARDEN LAWRENCE WAS ALL PUT ON NOTICE AND MADE AWARE OF MY DEPLORABLE CONDITIONS AND THE NEED FOR MY BASIC HUMAN NEEDS WHICH ALL DENIED OR TURNED THE BLIND EYE TO MY CONDITIONS.

59.) PLAINTIFF WAS ALSO FORCED TO SLEEP ON A RUSTED OUT BEDFRAME IN WHICH RUST GOT ALL OVER YOUR SKIN, RUINED YOUR CLOTHES, AND RUST CHIPS FALLING WHEN YOU GOT UP AND DOWN OFF THE BUNK BED OFF THE FRAME.

60.) ON 8-26-19 I WROTE A GRIEVANCE ON THESE DEPLORABLE CONDITIONS AND NO BASIC HUMAN NEEDS, AND EXHAUSTED MY REMEDIES AND GRIEVANCE WAS DENIED ON ALL LEVELS.

61.) PLAINTIFF OBTAINED 3 DECLARATIONS FROM INMATES CURRENTY GOING THROUGH THE CONDITIONS I WAS OR HAVE BEEN THROUGH THOSE CONDITIONS OR WITNESSED ME TRY TO GET HELP, (EXHIBIT 15, 16, 17).

<ins>CLAIM #5 - DELIBERATE INDIFFERENCE TO PLAINTIFFS MEDICAL</ins>
<ins>NEEDS/TREATMENT AND CRUEL AND UNUSUAL PUNISHMENT.</ins>

62.) ON 7-11-19 I WAS EMERGENCY TRANSFERRED TO MENARD CORRECTIONAL CENTER FROM PINCKNEYVILLE CORRECTIONAL DUE TO THE NATURE OF MY DISCIPLINARY REPORTS IN WHICH I CAUGHT STAFF ASSAULTS, AND I WAS STRIPPED OF ALL PROPERTY AND NOT ALLOWED TO TAKE ANYTHING WITH ME.

63.) PLAINTIFF SUFFERS FROM A CHRONIC ILLNESS CALLED SYSTEMIC LUPUS ERYTHEMATOSIS AND PART OF ITS SYMPTOMS OF THIS DISEASE IS SEVERE JOINT PAIN TO WHERE YOU CANT STAND, WALK, OR DO ANYTHING, (EXHIBIT 18 DIAG-NOSES).

64.) ON 7-11-19 I WAS TAKEN TO HEALTHCARE UPON MY ARRIVAL TO MENARD

CORRECTIONAL CENTER AND SCREENED BY NURSES IN WHICH I REPORTED ALL MEDICINE I TAKE IN WHICH I TOLD THE NURSES OF MY PAIN MEDICATION FOR MY LUPUS, (EXHIBIT 19).

65.) BY 7-19-19 I HADN'T RECIEVED ANY PAIN MEDICATION AS MY JOINTS HAD BEEN SEVERLY HURTING SO I PUT IN FOR SICK CALL AND WAS SEEN BY NURSE JANE DOE IN WHICH SHE NOTED I JUST CAME IN ON A TRANSFER FROM PINCKNEYVILLE CORRECTIONAL CENTER AND BEEN WITHOUT MY PAIN MEDICATION AND AT THE TIME OF MY VISIT WITH HER ON A SCALE OF 1-10 MY PAIN WAS A 9, (EXHIBIT 20).

66.) ON 7-25-19 I WAS SCHEDULED TO SEE NURSE PRACTITIONER ZIMMER BUT IT WAS CANCELLED DO TO A LOCKDOWN, (EXHIBIT 21).

67.) ON 7-27-19 I HAD RECIEVED MY PROPERTY AND ALL MEDICATION WAS GONE OUT OF MY PROPERTY IN WHICH I WAS TOLD THE STAFF TAKES IT AND TURNS IT OVER TO HEALTHCARE,

68.) ON 7-30-19 I PUT IN FOR NURSE SICK CALL AGAIN BECAUSE I WAS IN EXTREME PAIN AND THE NURSE TRIED TO MAKE ME SIGN A CO-PAYMENT WHEN IM TRYING TO BE SEEN FOR MY CHRONIC ILLNESS AND IT WAS WELL KNOWN AT THE TIME PEOPLE WITH CHRONIC ILLNESSES DONT HAVE TO SIGN A CO-PAYMENT IF THEY ARE BEING SEEN FOR A ISSUE DEALING WITH THERE CHRONIC ILLNESS SO I REFUSED TO SIGN THE CO-PAYMENT AS THE NURSE WAS BEING DELIBERATE INDIFFERENT TO MY CHRONIC ILLNESS, (EXHIBIT 22).

69.) ON 8-1-19 I HAD FINALLY WENT TO SEE THE NURSE PRACTITIONER MS. ZIMMER AND BY THIS TIME I HAD BEEN EXPERIANCING SO MUCH PAIN SHE UP MY DOSAGE AND ORDER 800 MG IBPROFEN, MOTREN (EXHIBIT 23) WHICH IS FOUND ON PAGE EXHIBIT 13.

70.) ON 8-6-19 I STILL HAD NOT RECIEVED MY PAIN MEDICATION AND I EXPLAINED TO EVERY NURSE WHAT WAS GOING ON AND THAT MS. ZIMMER ORDERED IT ON 8-1-19. I SUBMITTED SICK CALL SLIPS FROM 8-6-19 THROUGHOUT AND UP TO SEPTEMBER 20th WHICH WAS A TOTAL OF 4 SICK CALL SLIPS AND ARE EXHIBITS 24, 25, 26, 27.

71.) WHEN I WOULD SEE THE NURSES DAILY I WOULD STOP THEM AND ASK THEM TO THE POINT THEY PRETTY MUCH JUST STARTED IGNORING ME AND MY SICK CALL SLIPS OR JUST MAKE UP LIES AND SAY THE NEXT SHIFT NURSE IS GOING TO BRING THEM AND NOTHING COMES.

72.) ON 10-8-19 MY 5th SICK CALL SLIP FINALLY WENT THROUGH AND I WAS PUT IN TO SEE THE NURSE PRACTITIONER AGAIN AND GIVEN IBROOFEN 200 mg BUT IT WAS LIKE PUTTING A BANDAID OVER A WOUND THAT NEEDED STAPLES TO BE CLOSED BUT AT THAT POINT THE PAIN I WAS IN I WOULD OF TOOK ANYTHING IT WAS ALSO MY FIRST TIME BEING OFFERED ANY TYPE OF PAIN MEDICATION, (EXHIBIT 28).

73.) ON 10-11-19 I SAW NURSE PRACTITIONER ZIMMER AND I TOLD HER ALL WHAT I BEEN THROUGH AND SHE APOLOGIZED BECAUSE SHE SAW WHEN SHE ORDERED THE PAIN MEDICINE ON 8-1-19 SHE DIDN'T FOLLOW THROUGH WITH MY ORDER SO SHE SUBMITTED THE SAME ORDER AGAIN, (EXHIBIT 29).

74.) SHORTLY AFTER THIS VISIT I RECEIVED MY PAIN MEDICATION IN WHICH WAS OVER 3 MONTHS FROM THE DAY I ARRIVED TO MENARD. I SUFFERED THE ENTIRE TIME TO WHERE AT TIMES I CRIED FOR THE MEDICINE. THERE WERE DAYS I COULDN'T WALK OR EVEN GET OUT OF BED TO GET MY FOOD OUT THE CHUCK HOLE SO I WOULD STARVE AND THIS CAUSE ALOT OF MENTAL AND EMOTIONAL INJURY.

75.) ON 10-14-19 I WROTE A GRIEVANCE ON EVERYTHING STATED HERE, (EXHIBIT 30).

76.) ON 2-19-20 ANGIE CRAIN AND DR. SIDDI QUI RESPONDED TO MY GRIEVANCE AND TRIED TO COVER UP AND RATIONALIZE MS. ZIMMER CONDUCT AND WHY I SHOULD OF HAD MY MEDICATION BASICALLY TURNING THE BLIND EYE TO MS. ZIMMER CONDUCT, (EXHIBIT 31).

77.) MY GRIEVANCE WAS THEN SUBMITTED TO GRIEVANCE OFFICER AND A.R.B. BOTH DENIED GRIEVANCE.

78.) WEXFORD IS IN CHARGE OF THE NURSES AND TRAINING THEM AND SINCE COMING TO MENARD AND FROM AUGUST, SEPTEMBER, AND PARTIALLY OCTOBER THE NURSES DELIBERATELY IGNORED MY SICK CALL REQUEST WHEN KNOWING I WAS TRYING TO GET MY PAIN MEDICATION ON 7AM-3PM SHIFT AND 3PM-11PM SHIFT AS I WOULD SEE THEM THROUGHOUT THE DAY DOING ROUNDS OR PASSING OUT MEDICATION.

79.) MS. ZIMMER WAS DELIBERATELY INDIFFERENT AND NEGLIGENT AS SHE FAILED TO PROPERLY FORWARD MY MEDICATION ORDER SO THAT I COULD RECIEVE MY PAIN MEDICATION AND BECAUSE OF HER ACTIONS I WAS LEFT TO SUFFER IN PAIN FOR DAYS, MONTHS, WHICH WAS CRUEL AND UNUSUAL PUNISHMENT.

80.) NURSE JANE DOE WAS DELIBERATELY INDIFFERENT TO MY CHRONIC ILLNESS WHEN SHE TRIED TO CHARGE ME A CO-PAYMENT WHEN THOSE WITH

CHRONIC ILLNESSES DON'T HAVE TO SIGN A CO-PAYMENT AS LONG AS THEY ARE BEING SEEN FOR THERE CHRONIC ILLNESS AND <u>NURSE JANE DOE</u> IS LOCATED SIGNATURE IN EXHIBIT 22, AS SHE REFUSED TO TREAT ME WHEN I AIN'T SIGN THE CO-PAYMENT.

81.) RECORDS CLEARLY SHOW THE MEDECINE WAS <u>NEVER</u> ORDERED AND HAD MS. ANGIE CRAIN AND DR. SIDDIQUI PROPERLY REVIEWED MY GRIEVANCE AND MEDICAL CHART THEY WOULD OF SAW MS. ZIMMER FAILED TO PROPERLY FOLLOW THROUGH ON MY MEDICATION ORDER WHEN SHE ORDERED IT ON 8-1-19 BUT INSTEAD CRAIN AND SIDDIQUI TRIED TO SHIFT THE BLAME ON PLAIN-TIFF IN THERE RESPONSE TURNING THE BLIND EYE TO MS. ZIMMER CON-DUCT.

<u>CLAIM #6 DELIBERATE INDIFFERENT AND CRUEL AND UNUSUALL PUNISHMENT FOR DISCIPLINE IMPOSED DIS REGUARDING PLAINTIFFS SERIOUS MENTAL ILLNESS BY SANCTIONS GIVEN.</u>

82.) ~~ON 7-2-19~~ ~~ON 7-2-19~~ PLAINTIFF RECIEVED ~~2~~ DISCIPLINARY REPORTS (EXHIBIT 32,33, ~~AND~~ AND ~~34~~ A DISCIPLINARY REPORT ON 7-3-19, EXHIBIT 3⁴,

83.) DUE TO PLAINTIFF BEING SERIOUS MENTALLY ILL AS REQUIRED MENTH HEALTH DID A DISCIPLINARY REVIEW OF THE **3** DISCIPLINARY REPORTS AND THE MENTAL HEALTH PROFESSIONAL THAT DID THIS REVIEW WAS MOLLY MCELVAIN, (EXHIBITS 35, 36, 37, ~~35×36×37~~ THESE FORMS, THESE EXHIBITS ARE ALSO CALLED DOC 0317, AND DR. S. LANE DID HIS REVIEW ON EXHIBIT ~~36~~ . 37

84.) ON THE BACK OF THESE FORMS ~~IT~~ STATES ALL CATEGORIES OF DIFF-ERENT SANCTIONS THE MENTAL HEALTH PROFESSIONAL IS RECOMMANDENDING THE ADJUSTMENT COMMITTEE TO GAVE TO AN OFFENDER WHO IS SERIOUSLY MENTALLY ILL BECAUSE ~~HIS~~ MY ILLNESS CONTRIBUTED TO THE FACTORS OF WHY THE OFFENDER RECIEVED A DISCIPLINARY REPORT.

85.) DUE TO MOLLY MCELVAIN NOT PROPERLY FILLING OUT THE FORM AND DISREGUARDING PLAINTIFFS ILLNESS IT GAVE THE ADJUSTMENT COMMITTEE FREE REIGN TO GIVE PLAINTIFF MAX SANCTIONS AS IF HE WAS A NORMAL OFFENDER AND DIDN'T HAVE A MENTAL ILLNESS IN WHICH THE ADJUSTMENT COMMITTEE GAVE PLAINTIFF MAX SANCTIONS ON C-GRADE, COMMISARY, RE-STRICTION, CONTACT VISITS, GOOD CONDUCT CREDIT AND OR SUPPLEMENTAL GOOD TIME., (EXHIBIT ~~38,39,40~~).
38, 39, 40

86.) THE PLAINTIFF IS ENTITLED TO HIS MENTAL ILLNESS BEING CONSIDERED WHEN IMPOSING DISCIPLINE IN SANCTIONS SUCH AS C-GRADE, COMMISARY RESTRICTION, CONTACT VISITS, GOOD TIME/GOOD CONDUCT CREDIT AND HAD MOLLY McELVAIN PROPERLY FILLED OUT THE FORM PLAINTIFFS MENTAL ILLNESS WOULD OF BEEN TAKEN INTO ACCOUNT IN ALL THESE SANCTIONS BUT INSTEAD WAS DISREGUARDED AND PLAINTIFF RECIEVED MAX SANCTIONS IN 3 DIFFERENT DISCIPLINARY REPORTS.

87.) THE SAME THING WHEN DR. S. LANE GAVE AND MADE HIS REVIEW OF A DISCIPLINARY REPORT HIS REVIEW IS EXHIBIT 37 IN WHICH HE FAILED TO PROPERLY FILL OUT THE DISCIPLINARY REVIEW FORM DOC 0317 SO PLAINTIFFS MENTAL ILLNESS COULD BE CONSIDERED WHEN THE ADJUSTMENT COMMITTEE IMPOSED SANCTIONS WITH C-GRADE, COMMISARY RESTRICTION, CONTACT VISITS, AND GOOD CONDUCT CREDIT AND SUPPLEMENTAL GOOD TIME BEING REVOKED BY FAILING TO FILL OUT WHAT HIS RECOMMENDATION IS IN ALL THOSE CATA-GORIES WHICH SHOULD OF BEEN DONE.

88.) HAD MOLLY McELVAIN AND DR S. LANE PROPERLY FILLED OUT THE MENTAL HEALTH DISCIPLINARY REVIEW FORM PROPERLY AND MADE THE RECOMMAN-DATIONS IN THE CATAGORIES OF SANCTIONS PLAINTIFFS MENTAL ILLNESS WOULD OF BEEN CONSIDERED WHEN DISCIPLINE WAS IMPOSED BY THE ADJUSTMENT COMMITTEE AND THERE FAILURE TO DO SO BLATANTLY DISREGUARDED PLAINTIFFS ILLNESS AND GOT HIM MAX SANCTIONS WHICH CAUSED PLAINTIFF MENTAL AND EMOTIONAL INJURY DUE TO THE SANCTIONS GIVEN BY THE EFFECTS OF THE SANCTIONS ON A SERIOUSLY MENTALLY ILL OFFENDER.

89.) THE ADJUSTMENT COMMITTEE CHARLES HECK AND MARCUS MYERS KNEW PLAINTIFF WAS SERIOUSLY MENTALLY ILL BUT THEY STILL DISREGUARDED THAT AND MALICIOUSLY BESTOWED UPON PLAINTIFF MAX SANCTIONS AS IF PLAINTIFF WAS A NORMAL OFFENDER WITHOUT AN ILLNESS NEVER CONSIDERING PLAINTIFFS ILLNESS EVEN KNOWING HE HAS AN ILLNESS AND THEY TOOK ADVANTAGE OF THAT WITH THESE MAX SANCTIONS BEING DELIB-RATE INDIFFERENT TO MY SERIOUS MENTAL ILLNESS AS WELL AS MOLLY McELVAIN AND DR. S. LANE.

90.) WHEN AN OFFENDER IS PUT IN C-GRADE IT RESTRICTS THE OFFENDER TELEPHONE COMMUNICATION WITH FAMILY, LOSS OF TV, VIDEO VISITS AMONG OTHER THINGS.

91.) WHEN OFFENDER IS PUT IN COMMISARY RESTRICTION HE CAN ONLY BUY HYGIENE PRODUCTS ONLY NO FOOD.

92.) WHEN AN OFFENDER IS PUT ON NO CONTACT VISIT RE-STRICTION HE CANNOT TOUCH HIS FAMILY OR KIDS WITH HUGS AND KISSES.

93.) WHEN AN OFFENDER HAS HIS GOOD CONDUCT CREDITS OR SUPPLEMENTAL GOOD TIME REVOKED THIS MEANS HE HAS TO STAY IN PRISON LONGER.

94.) All THESE THINGS WILL HAVE AN EFFECT ON AN NORMAL OFFEN-DER WITHOUT A MENTAL ILLNESS SO YOU COULD IMAGINE THE EFFECT THAT IT HAD ON PLAINTIFF AND HAD DEFENDANTS McELVAIN, LANE, HECK, AND MYERS NOT DISREGUARDED PLAINTIFFS ILLNESS WITH MAX SANCTIONS AND PROPERLY FILLING OUT THE MENTAL HEALTH DISCIPLINARY REVIEW FORM PLAINTIFF WOULDN'T OF SUFFERED FROM MENTAL AND EMOTIONAL INJURY KNOWING HE RECIEVED THE SANCTIONS HE WAS GIVEN MALICIOUSLY AND MEANT TO BRING PLAINTIFF HARM DUE TO THEM KNOWING THE PLAIN-TIFF HAS AN ILLNESS WHICH CONTRIBUTED TO THE BEHAVIORS WHICH RESULTED IN DISCIPLINARY REPORTS, AND SANCTIONS.

95.) ON 8-26-19 I WROTE A GRIEVANCE ON THIS AND CHALLENGED THE SANCTIONS AND WAS DENIED BY AND THROUGHOUT ALL APPEALS OF THIS CLAIM.

## V.     REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

CLAIM #1-COMPENSATORY DAMAGES AWARD #10,000-DUE TO THE PHYSICAL INJURY TO PLAINTIFFS NOSE AND SCAR AND HAVING TO RELIVE BEING HIT WITH A HOT POT EVERYTIME I LOOK IN THE MIRROR WITH FLASHBACKS.

PUNITIVE DAMAGES AWARD #15,000-DUE TO C/O DOERR RECKLESS DISREGUARDMENT OF PLAINTIFF CLAIM AND C/O TOMSHACK OPENING UP PLAINTIFFS DOOR TO BE ASSAULTED AND HAD EITHER OFFICER JUST FOLLOW SIMPLE PROTOCAL THIS ALL COULD OF BEEN PREVENTED.

CLAIM #2 COMPENSATORY DAMAGES AWARD #2,000-FOR REFUSING ME MEDICAL TREATMENT AND HAVING TO HAVE A BLOODY FACE ALL DAY AND WITHOUT ANY PAIN MEDICATION FOR PAIN AND SWELLING.

PUNITIVE DAMAGES AWARD #2,000-THESE ACTIONS WERE DONE MALICOUSLY AND ON PURPOSE TO THE PLAINTIFF.

## VI.    JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

CONTINUED ON NEXT PAGE

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: ___9-2-21___
(date)

Signature of Plaintiff

___P.O. BOX 1000___
Street Address

RAYMOND STINDE
Printed Name

___MENARD, IL. 62259___
City, State, Zip

___R34993___
Prisoner Register Number

_____
Signature of Attorney (if any)

Rev. 10/3/19

RELIEF REQUESTED CONTINUED:

CLAIM #3 - COMPENSATORY DAMAGES AWARD $3,000 BEING THE ADJUSTMENT COMMITTEE ALONG WITH SCOTT-THOMPSON AND DEBBIE KNAUER KNOWS THE RULES AND REGULATIONS OF THE FACILITY AND THEY FOUND ME GUILTY OF RULE INFRACTIONS THAT I COULDN'T EVEN BE FOUND GUILTY OF AND SOUGHT OF TO PUNISH ME NO MATTER HOW ILLEGAL IT WAS OR WRONG THE CHARGES WAS.

PUNITIVE DAMAGES AWARD $4,000 THIS WAS ALL MALICIOUSLY DONE BY ALL DEFENDANTS AND THERE ONLY GOAL WAS TO PUNISH PLAINTIFF AT ALL COSTS.

CLAIM #4 COMPENSATORY DAMAGES AWARD $4,000 ALL DEFENDANTS IN THIS CLAIM WAS MADE AWARE OF MY DEPLORABLE CELL CONDITIONS AND THEY DID NOTHING TO HELP ME WHICH CAUSED MY BODY TO BREAK OUT IN RASHES, SLEEP DEPRIVATION DUE TO ITCHING AND SCRATCHING, AND CUTTING OF THE SKIN DUE TO REPEATED SCRATCHING IN THE SAME AREA OVER AND OVER.

PUNITIVE DAMAGES AWARD $5,000 ALL DEFENDANTS SOUGHT OUT TO DUE THIS MALICIOUSLY BECAUSE I WAS DEEMED A STAFF ASSAULTER AND THEY KNEW THESE CONDITIONS I WAS LIVING IN WOULD CAUSE ME HARM ECSPECIALLY A URINATED MATTERESS.

CLAIM #5 COMPENSATORY DAMAGES AWARD $20,000 DUE TO DEFENDANT MAKING PLAINTIFF SUFFER 3 MONTHS WITH NO PAIN MEDICATION FOR HIS CONDITION DUE TO HER OWN NEGLIGENCE.

PUNITIVE DAMAGE DAMAGES AWARD $15,000 DEFENDANT KNEW IF I DIDN'T RECIEVE MY PAIN MEDICATION THE PAIN I WOULD BE IN AND IS WHY IT WAS SO IMPORTANT FOR HER TO FOLLOW THROUGH ON MY ORDER.

MENTAL AND EMOTIONAL INJURY AWARD AS FOLLOWS:

CLAIM #1 - $5,000
CLAIM #2 - $2,000
CLAIM #3 - $3,000
CLAIM #4 - $5,000
CLAIM #5 - $5,000

• FOR DEFENDANTS TO PAY ALL COST ASSOCEATED WITH THE FIVE OF THESE BEING THEY ARE THE CAUSE.
• FOR DEFENDANTS TO REPAY FILING FEE IN FULL TOTAL AMOUNT TO PLAINTIFF DUE TO THEM BEING THE CAUSE FOR ACTION - RELIEF CONTINUED→

<u>RELIEF CONTINUED</u>:

• FOR All DEFENDANTS TO PAY ANY LAWYER COSTS.
• FOR THE SANCTIONS IN CLAIM #3 TO BE EXPUNGDED FROM PLAINTIFFS RECORD.

• <u>CLAIM #6 COMPENSATORY DAMAGES AWARD #5,000</u> DUE TO All DEFENDANTS IN THIS CLAIM DISREGUARDING PLAINTIFFS ILLNESS AND CAUSING MENTAL AND EMOTINAL INJURY.

<u>PUNITIVE DAMAGES AWARD</u> #5,000 CHARLES HECK AND MYERS KNEW PLAINTIFF SUFFERED FROM A SERIOUS MENTAL ILLNESS BUT IT DIDN'T STOP THEM FROM MALICOUSLY WITH EVIL INTENT DUE HARM TO PLAINTIFF MENTALLY AND EMOTIONALLY BY GIVING HIM MANY SANCTIONS AND NOT CONSIDERING HIS SERIOUS MENTAL ILLNESS AND BLANTANTLY DISREGUARDING IT.

✳ EXHIBIT 1 ✳

**Frank, Mac-Shane**

| | |
|---|---|
| **From:** | Uraski, Jon |
| **Sent:** | Wednesday, July 03, 2019 10:45 AM |
| **To:** | Love, Larue; Ramsey, Anita; Thompson, Christopher (Scott) |
| **Cc:** | Bennett, Keith; Bowles, Dustin J.; Frank, Mac-Shane; Lind, Bart A.; Rodman, Alexander |
| **Subject:** | Inmate on Inmate Altercation with assault 07/02/2019 |
| **Attachments:** | IMG_2336.JPG; IMG_2337.JPG; IMG_2338.JPG; IMG_2339.JPG; IMG_2340.JPG; IMG_2341.JPG; IMG_2342.JPG; IMG_2343.JPG; IMG_2344.JPG; IMG_2345.JPG; IMG_2346.JPG |

On 07/03/2019 the Intelligence Unit completed an inquiry into an alleged altercation between inmates VAN OPPEN, VINCENT Y31437 and STINDE, RAYMOND R34993. This inquiry was initiated due to the Investigations Unit receiving information from R1 security staff that inmate VAN OPPEN possessed multiple injuries consistent with an altercation. Inmate VAN OPPEN was ████████████ The Investigations Unit interviewed inmate VAN OPPEN who stated he and Inmate STINDE had been arguing due to STINDE calling him the police and a snitch. VAN OPPEN stated STINDE said when the doors opened he was going to come in to R1-D-14 and fight VAN OPPEN. VAN OPPEN stated he did not want to get caught off guard by STINDE. VAN OPPEN stated when R1-D-13 door opened on 07/02/2019 at 11:39am he went into D-13 and he and STINDE began striking each other with closed fist punches. VAN OPPEN stated STINDE struck him in the head with a hotpot. VAN OPPEN stated that the hotpot broke free from the handle and STINDE began using the handle to strike VAN OPPEN in the face until the altercation was broken up by a porter. STINDE was escorted to ████████████ ████████████████ While at the ████████████ the Investigations Unit attempted to interview STINDE about the altercation. STINDE was non-compliant stating "I don't know anything, I did not do anything, I have nothing to say". STINDE would not answer any questions and refused to cooperate with the Investigations Unit. The Investigations Unit was forced to complete interviews with other sources on the wing. The multiple confidential inmate sources who shall remain nameless for security reasons and deemed reliable due to the consistencies in the description of the event as it occurred stated that STINDE and VAN OPPEN exchanged closed fist punches on 07/02/2019 inside R1-D-13 until the altercations was stopped by another inmate. Investigations Unit have issued IDR's on the incident.



Age: 28   Gender: Male
Race: White

Esc. Risk: Low
Agg. Lvl: Unknown
Grade: A
Security: Medium
Cla. Crime: Class X
MSR: 10/24/2031
Transfer: 2018-09-04
Sentence: 0017 yr 00 mn 0000 dy
AGG BATTERY/DISCHARGE FIREARM
Assgn.: INVESTIGATIVE STATUS
Job: Lockup
S.T.G.: Unknown

Nicknames:

Photo Loc: PNK   09/05/18

DOC#: Y31437
VAN OPPEN, VINCENT

Location: PNK   House: R5
Gallery: C   Cell: 16

1

**EXHIBIT**
**1**

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Outpatient Progress Notes

**Pinckneyville Correctional** **Center**

1013

**Non-Specific
Discomfort**

| Offender Information: | | |
|---|---|---|
| Stindle | | ID#: R34993 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/4/19 1200 p | **(RN NOTE)   LPN/CMT NOTE**<br>S) - Any Allergies? NKDA<br>- Location of pain / discomfort? increase bilateral hands/knuckles,<br>- Describe pain<br>Stabbing   Throbbing   Constant   Intermittent   Etc. denied<br>- Have you had this pain before and how was it treated? NA<br>- Rate pain level scale of 1 – 10? 0<br>- Duration of pain? 0<br>O) T ___ P ___ R ___ BP ___ WT ___ refused (see note)<br>- Signs of obvious discomfort 0 need<br>- Observations related to body part affected nose c abrasions to center, bilateral knuckles/hands<br>- bright over due to a fight in cell c another I/m (see injury report) | **P)  MD Referral if:**<br>- Patient presents more than twice at NSC for c/o same discomfort within one month<br>- Patient presents with signs of acute, severe discomfort<br>- Patient has abnormal vital signs<br><br>No MD referral<br>- Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets)<br>- Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs)<br>**Patient Teaching:**<br>- Return to see provider if symptoms worsen or interfere with daily functioning<br>NSC PRN |
| | A) Non-Specific Discomfort | Nurse Signature ___ Omega<br>Payment voucher   YES   (NO) |

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Offender Name: _Shirley_   ID#: _R76993_

Date of medical examination: _7/2/19_ Time: _1145_ ☒ am ☐ pm   Physician Contacted: ☐ Yes ☒ No

**S (Subjective Findings):** "I don't know what you are talking about, I didn't do anything"

**EXHIBIT 2A**

**O (Objective Findings):** A; Ox3, P+exp ENL, skin w/d refused

**Vitals:** T _____ P _____ R _____ BP _____ Tetanus _____

Rt elbow, bilateral knuckles, nose, mid lower lip, upper inner lip. Acute injuries superficial, minimal bleeding, no other noted injuries.

**A (Evaluation of Injury):** Impaired skin integrity

**P (Treatment and Follow-up):** Cleaned c NS. NS c PRN

**Disposition of patient:**
☐ Return to assignment   ☐ Housing Unit   ☐ Lay in   ☐ Infirmary   ☒ Segregation
☐ Off-site referral for treatment (Destination) _____

_D. Ana-Yu RN_    7/2/19
Print Name of Person Completing Form / Signature

Title _____   Date _____

### To Be Completed By Physician

I have reviewed this report and would like to see this offender: ☐ Immediately   ☐ Next Sick Call   ☒ PRN

_Phillip Myers_    _7/11/_
Print Physician Name / Physician's Signature / Date

Side 2

Distribution:   Offender Medical File

DOC 0313 (Eff. 07/2006)
(Replaces DCA7111-1A)

Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Injury Report

EXHIBIT 2 A

Offender Name: Stirde                    ID#: R34993

Age: ___    Date of Birth: ___    Sex: M    Race: ___

Date of Injury: 7/2/19   Time of Injury: 1155 ☑am ☐pm   Location: R1D14 (21)

How did the injury occur?

alteration c another I/M

Was it witnessed by staff? ☑ No   ☐ Yes (If yes, please list names).

| Location in facility: | Type of Injury: |
|---|---|
| ☐ LTA (gym, basketball, football, etc.) | ☐ Sports |
| ☐ Group (therapy) | ☐ Assault |
| ☑ Housing Unit (cell, dayroom, tv room, etc.) | ☐ Job Related |
| ☐ School (classroom, library) | ☐ Non-Job Related |
| ☐ Kitchen | ☐ Self-Inflicted |
| ☐ Other ___ | ☑ Fight |

Signature: Danaforectu RN    Title: ___    Date: 7/2/19

**(Medical Report on Reverse Side)**

Side 1

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pinckneyville Correctional____ Center

*EXHIBIT*
3(A)

Offender Information:
Stindle____ Raymond____ MI  ID#: R34993
Last Name      First Name

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | LPN note | |
| 7-2-19 | S) Ø | P) NSC/PRN |
| 2:45P | O) went out to | |
| | assess pt. Security | |
| | said I was unable | |
| | to @ this time | |
| | A) Ineffective coping | L. Vilig, LPN |
| 7/2/19 Ⓠ | LPN note | P) Cont current watch |
| 0930pm | S) "I need my nose looked at" | F/U on MD line |
| | O) Inmate reports was in alt today. | tomorrow. |
| | C/o pain to nose. See injury | |
| | report. Cleaned it tx'd. | |
| | Motrin 200mg, 2 tabs given along | |
| | c HS meds. Will add to unit line 7/3/19. | |
| | To call over per DON. Good eye contact. | |
| | No S/S of distress noted. | B. Vicars |
| | A) Ineffective coping / injury to nose | NURSE JANE DOE |

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pinckneyville Correctional _____ Center

| Offender Information: | | | |
|---|---|---|---|
| Stinde | Raymond | | ID#: B34993 |
| Last Name | First Name | MI | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 6/22/19 0850 | Rn note. S) Im Chronic I don't have to sign that. o) On NSC Wanting Motrin renewed. Verbal as above. Refused NSC. A) Refusal. | P) NSC PRN [signature] |
| 6/25/19 2100 | **OPTOMETRY NOTE** SEE IDOC 0081 [illegible] DFE Rtn [illegible] | [signature] |
| | | |
| | | |
| | | |
| | | |

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

*Printed on Recycled Paper*

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Pinckneyville** _____ **Center**

**✳ EXHIBIT 2(B) 5✳** *(handwritten)*

| | |
|---|---|
| **Contusions** | **Offender Information:** |

| Last Name | First Name | MI | ID#: |
|---|---|---|---|
| Stinde | Raymond | | R34993 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | **RN NOTE**          **LPN/CMT NOTE** | **P) MD Referral (call MD) if:** |
| 7/2/19 @ 0940 pm | **S)** –What caused the injury (accident, work related, assault, self-inflicted)? Alteration ≈ another inmate | - If the wound is over a joint |
| | - Where did it happen? cell house<br>- What time? ≈ 2 pm today | - Any impairment of function |
| | - Any history of excessive bleeding? no | - Poor peripheral pulses |
| | **O)** T 98.4  P 84  R 16  BP 126/74  WT 208 lb | - Any assault wound to the head, face, chest, abdomen or back  nose |
| | - Medications – are you on a blood thinner Plaquenil | - Associated syncope or loss of consciousness |
| | - Pain on a scale of 1-10  "5" | - If injury is self-inflicted, refer to Mental Health |
| | - Note location of injury  nose | - Nurse uncertain as to extent of injuries |
| | - Size 1 cm laceration superficial | **Nursing Intervention (verify medication and allergies prior to treatment):** |
| | - Presence of any bleeding  minimal bleeding when cleaned ≈ sterile water | - Apply cold pack to minor contusions x 12 hours PRN |
| | - Serious drainage  no | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) OR |
| | - Swelling  minimal swelling to nose | - Ibuprofen 200mg, 1-2 tablets t.i.d. with meal PRN x 3 days (18 tabs) |
| | - Edema  ∅ | |
| | - Discoloration of skin  reddened | |
| | - Assess for any disfigurement or alteration of ROM  slight deviation of nose to the Right | **OVER** |

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ Pinckneyville _____ Center

**Contusions (Cont.)**

Offender Information:

Last Name: Stride

First Name: Raymond   MI:

ID#: R 34993

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 7/2/19 | For abdominal injuries   N/A | **Patient Teaching:** |
| | - Evaluate for bowel sounds | - Keep area immobile for 24 hours if necessary and elevate |
| | - Tenderness | - Return to sick call PRN |
| | - Mass | - If work related injury, instruct in preventive measures to prevent recurrence |
| | - If broken skin, check Tetanus status | **Follow up:** MD line add-on 7/ |
| | | - Return to sick call if symptoms worsen or persist |
| | *See Injury Report* | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | Nurse Signature   NURSE JANE DOE |
| | A)  **Impaired Tissue Integrity** | Payment voucher   YES   (NO) |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Injury Report

Offender Name: Stinde, Raymond          ID#: R34997

Age: _____  Date of Birth: 3-27-85    Sex: M    Race: Black

Date of Injury: 7/2/19   Time of Injury: 2:00 ☐am ☒pm  Location: Cell house

How did the injury occur?

I/M Reports he and another I/M got into an altercation around 2pm this afternoon.

Was it witnessed by staff? ☒ No.   ☐ Yes (if yes, please list names)

**Location in facility:**

☐ LTA (gym, basketball, football, etc.)

☐ Group (therapy)

☒ Housing Unit (cell, dayroom, tv room, etc.)

☐ School (classroom, library)

☐ Kitchen

☐ Other _____

**Type of Injury:**

☐ Sports

☒ Assault

☐ Job Related

☐ Non-job Related

☐ Self-inflicted

☐ Fight

Signature _____   Title: LPN   Date: 7-2-19

**(Medical Report on Reverse Side)**

Side 1

Offender Name: Mode, Raymond                    IDff: P34173

Date of medical examination: 7/2/19   Time: 9:40  ☐ am ☒ pm  Physician Contacted: ☐ Yes ☒ No

S (Subjective Findings): Inmate Reports pain to nose "5" on 0-10 pain scale.

O (Objective Findings): 1cm loc to bridge of nose, Swelling present. ℞ nose tender to touch

Vitals: T 98⁴   P 84   R 16   BP 126/74   Tetanus

A (Evaluation of Injury): 1 cm loc to bridge of nose Superficial Minimal Swelling.

P (Treatment and Follow-up): Cleaned cut c sterile water Minimal bleeding TAO applied. Motrin 200mg ② tabs given for pain. Put on MD line to have injury evaluated. Nose slightly deviated to right.

Disposition of patient:

☐ Return to assignment   ☒ Housing Unit   ☐ Lay In   ☐ Infirmary   ☐ Segregation
☐ Off-site referral for treatment (Destination)

B Filvort LP                              [signature]
Print Name of Person Completing Form          Signature

LP                                        7-2-19
Title                                     Date

**To Be Completed By Physician**

I have reviewed this report and would like to see this offender: ☐ Immediately  ☐ Next Sick Call  ☒ PRN

Percy Myel                    [signature]              7/6/19
Print Physician Name          Physician's Signature       Date

Side 2

EXHIBIT
D4

**Offender Disciplinary Report**

PINCKNEYVILLE C.C.
Facility

Date: 7/3/2019

| Type of Report: | |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Offender Name:   **STINDE, RAYMOND**                    ID #:   **R34993**

---

**Offense Information:**

Observation Date:   07/03/2019     Approximate Time:   10:15   ☒ a.m.  ☐ p.m.   Location:   R1-D-13

**Offense(s): DR 504:**   102b-Assault, 110-Impeding an Investigation, 202-Damage or Misuse of Property, 214 – Fighting,

**Observation:**   (NOTE: Each offense identified above must be substantiated.)  On 07/03/2019 the Intelligence Unit completed an inquiry into an alleged altercation between inmates VAN OPPEN, VINCENT Y31437 and STINDE, RAYMOND R34993.  This inquiry was initiated due to the Investigations Unit receiving information from R1 security staff that inmate VAN OPPEN possessed multiple injuries consistent with an altercation.  Inmate VAN OPPEN was taken to the Health Care Unit and was treated for multiple cuts and bruising to his face.  The Investigations Unit interviewed inmate VAN OPPEN who stated that he and inmate STINDE had been arguing due to STINDE calling him the police and a snitch.  VAN OPPEN stated STINDE said when the doors opened he was going to come into to R1-D-14 and fight VAN OPPEN.  VAN OPPEN stated he did not want to get caught off guard by STINDE.  VAN OPPEN stated when R1-D-13 door opened on 07/02/2019 at 11:39am

Witness(es):

☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| C/O URASKI | 10486 | | 07/03/2019 | 10:55 | ☒ a.m. ☐ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

---

### Disciplinary Action:

**Shift Review:** ☒ Temporary Confinement     ☐ Investigative Status     Reasons:   Nature of Offense

MAJOR CLELAND   692                                                  07/03/2019
Printed Name and Badge #          Shift Supervisor's Signature          Date
                                  (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer     Comment: Continue Confinement

☒ **Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee**

☐ **Minor Infraction, submitted to Program Unit**

MAJOR COCHE #637                              Major Coche              7/3/19
Print Reviewing Officer's Name and Badge #     Reviewing Officer's Signature     Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Presley 6390                                                          7/4/19
Print Hearing Investigator's Name and Badge #     Hearing Investigator's Signature     Date

---

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

Loyd                   Offender's Signature                    ID#
Serving Employee (Print Name)          Badge #   10856          Signature

7-5-19                 1220
Date Served          Time Served   ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____                    _____
Offender's Signature                                  ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____     _____     _____
Date of Disciplinary Report     Print offender's name     ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| | | | |
|---|---|---|---|
| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |

Witness can testify to: _____

| | | | |
|---|---|---|---|
| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |

Witness can testify to: _____

Page 1 of 2

Distribution:   Master File          Printed on Recycled Paper          DOC 0317 (Rev. 2/2007)
                Offender
                Facility (2)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Continuation Page**

PENCKNEYVILLE C.C.
Facility

☒ Disciplinary Report   ☐ Investigative Report   ☐ Disciplinary Summary   ☐ Adjustment Committee Summary

Report/Incident Date: 07/03/2019                    Incident # (if applicable): _____

| Offender Information: |
|---|
| Offender Name: **STINDE, RAYMOND**          ID #: **R34993** |

Use the space below to provide any additional information.

he went into D-13 and he and STINDE began striking each other with closed fist punches. VAN OPPEN stated STINDE struck him in the head with a hotpot. VAN OPPEN stated that the hotpot broke free from the handle and STINDE began using the handle to strike VAN OPPEN in the face until the altercation was broken up by a porter. STINDE was escorted to the Health Care Unit to be assessed for his injuries that were consistent with a physical altercation. While at the Health Care Unit the Investigations Unit attempted to interview STINDE about the altercation. STINDE was non-compliant stating "I don't know anything, I did not do anything, I have nothing to say". STINDE would not answer any questions and refused to cooperate with the Investigations Unit. The Investigations Unit was forced to complete interviews with other sources on the wing. The multiple confidential inmate sources who shall remain nameless for security reasons and deemed reliable due to the consistencies in the description of the event as it occurred stated that STINDE and VAN OPPEN exchanged closed fist punches on 07/02/2019 inside R1-D-13 until the altercations was stopped by another inmate. Due to the evidence and information collected the Investigations Unit has justified the above charges. Both VAN OPPEN and STINDE were identified by Institutional Graphics and State ID.

Distribution:  Master File, Offender,
Facility (2)

Printed on Recycled Paper

DOC 0318 (Eff. 8/2006)
(Replaces DC 7212)



*EXHIBIT 5*

OneRadiology
Normal, IL 61761
Date: 07/08/2019

*Stride*

Patient: ~~Stride~~, Raymond    *R34993*
ID#: R34953
D.O.B.: 03/27/85
Ordered by: Dr. Meyers
Pinckneyville Correctional Center

FACIAL BONES, TWO VIEWS 07/05/2019:
NASAL BONES, SINGLE VIEW 07/05/2019:

HISTORY: Altercation.

FINDINGS: There is a nondisplaced fracture of the mid nasal bone.

No air-fluid level is seen in the paranasal sinuses, and the rest of the bony structures are grossly intact on this limited radiographic examination.

Signed _____
                    N. Yousuf, M.D.

NY: cah
DIC: 07/08/2019

Films from Pinckneyville Correctional Center

MD Review   *7/6/e*
Date: _____
Nurse: _____
Doctor: _____
Pull Chart: _____
See patient: _____
File: _____



EXHIBIT 6

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** STINDE, RAYMOND J          **IDOC Number:** R34993          **Race:** BLK

**Hearing Date/Time:** 7/11/2019  01:10 PM          **Living Unit:** MEN-N2-06-33          **Orientation Status:** N/A

**Incident Number:** 201902008/1 - PNK          **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 7/3/2019 | 201902008/1-PNK | URASKI, JON M | R1 CELLHOUSE | 10:15 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 102b | Assault | Guilty |
|  | *Comments:Inmate Van Oppen Y31437* |  |
| 110 | Impeding or Interfering with an Investigation | Guilty |
|  | *Comments:Refused to cooperate* |  |
| 202 | Damage Or Misuse of Property | Guilty |
| 214 | Fighting | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
DR read to inmate.  Inmate pled not guilty, stating "I don't know what I did, the devil had control".

## BASIS FOR DECISION
Reporting Intelligence Unit Officer Uraski completed an inquiry into an altercation between inmates Van Oppen Y31437 and Stinde R34993.   The inquiry was initiated due to the Investigations Unit receiving information from staff that inmate Van Oppen possessed multiple injuries consistent with an altercation.  During an interview Van Oppen stated he and Stinde had been arguing.  Van Oppen stated Stinde said when the doors opened he was going to fight Van Oppen.  Van Oppen stated he did not want to get caught off guard and when R1-D-13 door opened he went into the cell and he and Stinde began striking each other with closed fist punches.  Van Oppen stated Stinde struck him in the head with a hotpot and that the hotpot broke free from the handle and Stinde began using the handle to strike him in the face until the altercation was broken up by a porter.  Stinde was escorted to the Health Care Unit to be assessed for his injuries which were consistent with a physical altercation.  While at the Health Care Unit the Investigations Unit attempted to interview Stinde.  Stinde was non-compliant stating "I don't know anything, I did not do anything, I have nothing to say".  Stinde would not answer any questions and refused to cooperate with the Investigations Unit.  The Investigations Unit was forced to complete interviews with other sources on the wing.  The multiple confidential inmate sources who shall remain nameless for security reasons and deemed reliable due to the consistencies in the description of the event as it occurred stated that Stinde and Van Oppen exchanged closed fist punches inside R1-D-13.  Inmate failed to provide a relevant statement.  Inmate identified by ID card.

Inmate Stinde R34993 is designated a SMI.  Mental Health was contacted who recommended no segregation.  The Adjustment Committee is recommending segregation due to violent nature of the assault.

## DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 6 Months C Grade | 6 Months C Grade |
| 2 Months Segregation | 2 Months Segregation |
| Revoke GCC or SGT 2 Months | Revoke GCC or SGT 2 Months |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| **Basis for Discipline:Nature of offense** | |

# STATE OF ILINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** STINDE, RAYMOND J | **IDOC Number:** R34993 | **Race:** BLK |
| **Hearing Date/Time:** 7/11/2019   01:10 PM | **Living Unit:** MEN-N2-06-33 | **Orientation Status:** N/A |
| **Incident Number:** 201902008/1 - PNK | **Status:** Final | |

## Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| HECK, CHARLES W  - Chair Person | | 07/11/19 | WHI |
| | Signature | Date | Race |
| MYERS, SR., MARCUS | | 07/11/19 | BLK |
| | Signature | Date | Race |

Recommended Action Approved

---

## Final Comments:

Offender Stinde R34993 will receive two month segregation due to the violent nature of the offense. Offender will be eligible for a segregation reduction based upon mental health recommendations, participation in mental health programming, and compliance with facility rules.

---

CHRISTOPHER S THOMPSON / LJL  7/17/2019                    07/17/19
**Chief Administrative Officer**                    Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____                    7-21-19    2C0
Employee Serving Copy to Committed Person          **When Served - - Date and Time**

## Joint Committee on Administrative Rules
# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.APPENDIX A OFFENSE NUMBERS AND DEFINITIONS**

---

**Section 504.APPENDIX A   Offense Numbers and Definitions**

100.   VIOLENT ASSAULT OF ANY PERSON
Causing a person, substance or object to come into contact with another person in a deadly manner or in a manner that results in serious bodily injury.

101.   ARSON
Setting fire in any location whether public or private, including, but not limited to, any part of the facility, its grounds, or State vehicles.

102a.   ASSAULT WITH INJURY
Causing a person, substance or object to come into contact with, and resulting in injury to, a staff member, contractual employee, official visitor, visitor or volunteer.

102b.   ASSAULT
Causing a person, substance or object to come into contact with a staff member, contractual employee, official visitor, visitor or volunteer in an offensive or provocative manner; or fighting with a weapon.

102c.   ASSAULT TO AN OFFENDER
Causing a person, substance or an object to come into contact with any offender in an offensive, provocative or injurious manner; or fighting with a weapon.

103.   BRIBERY & EXTORTION
Demanding or receiving anything of value in exchange for protection, to avoid bodily injury, or through duress or pressure.  Giving or receiving money or anything of value to violate State or federal law or to commit any act prohibited under this Part.

104.   DANGEROUS CONTRABAND
Possessing, manufacturing, introducing, selling, supplying to others or using without authorization any explosive, acid, caustic material for incendiary devices, ammunition, dangerous chemical, escape material, knife, sharpened instrument, gun, firearm, razor, glass, bludgeon, brass knuckles, cutting tools, tools which may be used to defeat security measures such as hacksaw blades, keys and lock picks, any other dangerous or deadly weapon or substance of like character or any object or instrument that is made to appear to be or could be used as a deadly or dangerous weapon or substance.

105.   DANGEROUS DISTURBANCES
Causing, directing or participating in any action or group activity that may threaten the control or security of a facility or seriously disrupt or endanger the operations of a facility, persons or property, including the taking or holding of hostages by force or threat of force and engaging in prohibited group activities such as work stoppages or hunger strikes.

106.   ESCAPE
Leaving or failing to return to lawful custody without authorization, including the failure to return from furlough, leave or authorized absence within two hours after the designated time.

107.   SEXUAL MISCONDUCT



*EXHIBIT*
*7*

~~Pritzker~~
~~Governor~~

**Rob Jeffreys**
**Acting Director**

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

~~er:~~ *Hinde, Raymond*                                                                    *9/5/19*
          *R34993*                                                                                   Date

~~r:~~ *Menard*

~~Ⅰn~~ response to your grievance received on _____*8/1/19*_____. This office has determined the issue will be addressed without ~~for~~mal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that ~~di~~rect review by the ARB, a review of the Grievance has been conducted.

~~ur~~ issue regarding: Grievance dated: *7/28/19*   Grievance Number: _____   Griev Loc: *PNK*

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☑ Disciplinary Report Dated: *7/3/19* Incident # *2019020081/1-PNK*

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☑ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☐ Other: *Due to non-compliance with DR 504.30 (charge unsubstantiated for*
*102b and 110 charge in report) these charges are to be deleted. All other*
*charges/discipline are to remain.*

FOR THE BOARD: *Debbie Knauer*                         CONCURRED: *Rob Jeffreys* *9/6/19*
                    Debbie Knauer                                                      Rob Jeffreys
          Administrative Review Board                                              Acting Director

CC: Warden, *Menard*        Correctional Center          *Record Office - Menard CC*
          *Hinde*                  ID# *R34993*

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

7/14/2018
Case 3:21-cv-01108-SMY   Document 1   Filed 09/07/21   Page 42 of 83   Page ID #42
ftp://www.ilga.gov/JCAR/AdminCode/020/02000504ZZ9996AR.html

208. **DANGEROUS COMMUNICATIONS**
Engaging in verbal or written communication that is likely to encourage violence against persons or that is likely to disrupt or endanger the safety and security of the facility, including, but not limited to, escape plans and manufacture of weapons.

209. **DANGEROUS WRITTEN MATERIAL**
Possessing or causing to be brought into the facility written material that presents a serious threat to the safety and security of persons or the facility, including, but not limited to, written material relating to methods of escape and the manufacturing of weapons.

210. **IMPAIRMENT OF SURVEILLANCE**
Using curtains, coverings or any other matter or object in an unauthorized manner that obstructs or otherwise impairs the line of vision into an offender's cell or room or that obstructs or otherwise impairs any viewing panel or surveillance equipment, both audio and visual, within the facility.

211. **POSSESSION OR SOLICITATION OF UNAUTHORIZED PERSONAL INFORMATION**
Possessing or soliciting unauthorized personal information regarding another offender, releasee, employee, former employee or volunteer, including, but not limited to, personnel files, master files, medical or mental health records, photographs, social security numbers, home addresses, financial information or telephone numbers, except as authorized by a court order or as approved in writing by the Chief Administrative Officer.

212. **FRIVOLOUS LAWSUIT**
A pleading, motion or other paper filed by the offender for which the court, in accordance with 730 ILCS 5/3-6-3, has found to be frivolous.

213. **FAILURE TO REVEAL ASSETS**
Failing to fully cooperate in revealing financial assets on the form provided, including tangible and intangible property and real and personal property; providing false or inaccurate information regarding financial assets or dependents on the forms provided; or refusing to cooperate in revealing financial assets on the form provided.

214. **FIGHTING**
Fighting with another person in a manner that is not likely to cause serious bodily injury to one or the other and that does not involve the use of a weapon.

*EXHIBIT* 8 E

215. **DISOBEYING A DIRECT ORDER ESSENTIAL TO SAFETY AND SECURITY**
Willfully refusing, or neglecting to comply with, an order when continued refusal results in a use of force to maintain the safety and security of a facility. This shall include, but not be limited to, refusing to submit to a search, refusing to submit to the application of mechanical restraints, refusing a designated housing assignment or refusing to leave an area.

302. **GAMBLING**
Operating or playing a game of chance or skill for anything of value, making a bet upon the outcome of any event, or possessing any gambling device. This shall include participating in any lottery.

303. **GIVING FALSE INFORMATION TO AN EMPLOYEE**
Lying or knowingly providing false information to an employee, either orally or in writing.

304. **INSOLENCE**
Talking, touching, gesturing or other behavior that harasses, annoys or shows disrespect.

305. **THEFT**
Taking property belonging to another person or entity or the facility without the owner's authorization.

306. **TRANSFER OF FUNDS**
Causing money to be transferred from one trust fund to another or through an outside source to the account of another offender or entering into contracts or credit agreements without written approval from the Chief Administrative Officer.

Offender:   Stinde R34993       *90*      N2 6-33

Grievances and $ vouchers are available on the gallery per request – if you wish to grieve tickets you received on the same day only one grievance will be needed – must go to Adj. Committee hearing before SOD is known -- $0 on your account – if you had any on the books at PNK – it's not here yet

RESPONDED 2 HER
ENVIRONMENT 15=

Hood CCII

Ms. HOOD — THANK YOU FOR YOUR RESPONSE BUT I HAVE BEEN ASKING OFFICERS ON A <u>DAILY BASIS</u> FOR GRIEVANCES, THEY ARE NOT TRYING TO GIVE ME ANYTHING AND IM SURE ITS BECAUSE OF MY STAFF ASSAULT. I HAVE A PISSED ON URINE MATTERRESS, NO COLD WATER, MY CELL IS FILTHY, AND HAS CALUSED ME TO BREAK OUT. I HAVEN'T SHOWERED IN 5 DAYS BY THE TIME YOU RECEIVE THIS I'VE ASK FOR CRISIS, A SGT, A LT. AND NO ONE ANSWER MY REQUEST OR ~~THEM~~ IGNORED, I'VE NEVER IN MY LIFE FELT MORE LESS THAN A HUMAN UNTIL NOW UNDER THESE CONDITIONS, I HAVEN'T BEEN GIVEN AN ~~~~ INDIGENT BAG OR BED-ROLL OR NOTHING. COULD YOU CALL SOMEONE TO SEE ME OR THESE CONDITIONS. I'M FORCED TO LIVE IN I AM SMI AND IT IS REALLY BEGINNING TO EFFECT ME, SO IF POSSIBLE I HOPE YOU WILL HELP ME, THANK YOU FOR YOUR <u>TIME</u>     S.T. NDE R34993

N2-6-33

*  EXHIBIT  *
        ID

EX.11



EXHIBIT
11

N2

EXHIBIT #12

## INMATE PERSONAL PROPERTY RECEIPT

DATE: _____7.25.19_____

TO: FILE _____

FROM: PERSONAL PROPERTY OF INMATE:

NAME: ____Slade____ NUMBER: ___R34993___

ON THIS DATE AS A      (CHECK ONE)

_____ NEW RESIDENT                    _____ MSU TRANSFER

_____ ROUTINE CELL TRANSFER      _____ MSU RETURNEE

_____ DISCIPLINARY SEG TRANSFER   _____ PSYCHIATRIC DIVISION TRANSFER

_____ P.C. SEG TRANSFER              _____ EMERGENCY TRANSFER

_____ WRIT RETURN                    __X__ INSTITUTIONAL TRANSFER

_____ FURLOUGH RETURN                __X__ OTHER (SPECIFY) C/U

_____ HEALTH CARE UNIT TRANSFER

### I HAVE RECEIVED ALL OF MY PERSONAL PROPERTY.

_____          _____7-27-19_____

(INMATE'S SIGNATURE)                  (INSTITUTIONAL NUMBER)


_____          _____

(WITNESS)                             (WITNESS)


WAS PROPERTY MAILED HOME?        _____ YES    _____ NO

WAS ANY PROPERTY PLACED IN STORAGE?  _____ YES    _____ NO
  IF YES SEE ATTACHED

            PROPERTY CHECKED _____

            PROPERTY NOT CHECKED _____

IL 426-0014 — DCA 16100



*EXHIBIT O*

TO

FROM RAYMOND STONOE

DATE: 7·3 |·|9

~~GOOD~~ SUBJECT: NOTICE

HELLO, I TRANSFERRED IN FROM PINCKNEYVILLE ON 7·11·19 AND I WAS GIVEN A URINE SMELLING MATTERESS, NO SHEETS, NO BLANKET AND I HAVE BEEN FORCED TO SLEEP ON IT AND HAS CAUSED ME TO BREAK OUT. I HAVE SOUGHT THE HELP OF C/O BROWN, C/O ~~BRONN~~ BRANDT, LT. MARNARTI ALL HAVE WHICH HAVE SPENT ME. I RESPECTFULLY AM ASKING FOR YOUR HELP IN GETTING ME A BED (CLEAN) 2 SHEETS AND A BLANKET AND A HYGIENE BAG IF POSSIBLE. THANK YOU FOR YOUR TIME

CC: WARDEN - All SENT
    SGT. - SMILLLAR
    MAJOR - WRITING
            ABOVE ON SAME DAY

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS          EX. 15

RAYMOND STINDE,
          PLAINTIFF

VS

SCOTT THOMPSON, ET. AL
          DEFENDANTS

DECLARATION

NAME & ID: Mohammed Abuharba Y16719

CIVIL ACTION #:

I HEREBY DECLARE THE FOLLOWING: I have been in seg in North 2 Cellhouse since January 25th, 2019 and since I have been here I can witness to mine and others seg. conditions. Coming to seg majority of the beds are filthy and stained. There covers are torn off. you have to sleep on a rusted bed frame (especially on 6 gallery) that gets all over your skin, clothes, and sheets. We barely get any cleaning material so we are forced to use our own soap. Offenders coming in from seg to seg transfer are given Nothing but a bed until they get their Property which takes weeks so they go without the entire duration of any of their basic human needs. then when we ask for grievances staff lie and say there arent any and makes the entire process even more problematic. not to mention even if you do get a grievance it will probably disappear like 3 of mine have so I didn't even bother re-writting them.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. PURSUANT TO 28 USC 1746, 18 USC 1621, or 735 ILCS 5/1-109 I DECLARE I AM THE ABOVE NAMED PARTY OF THIS DECLARATION. EXECUTED AT MENARD CORRECTIONAL CENTER IN MENARD, ILLINOIS.

SIGN NAME: x Mohammed Abuharba
PRINT NAME: Mohammed Abuharba
ID # : Y16719
LOCATION: NORTH: 2 - GALLERY: 8 - CELL: 28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND STINDE,
                    PLAINTIFF

            VS

SCOTT THOMPSON, ET AL
                    DEFENDANTS

DECLARATION

NAME & ID.#: ROBINSON R-21621

CIVIL ACTION #:

I HEREBY DECLARE THE FOLLOWING: ____ IN BRIEF: SINCE I'VE BEEN HOUSED IN THIS FACILITY I AM & HAVE BEEN DEPRIVED OF ANY DUE PROCESS. THE OFFICERS HERE WILL NOT ALLOW US TO GET GRIEVANCES NOR MONEY VOUCHER TO PROCEED IN LITIGATION PROCEEDINGS. THEIR EXCUSES ARE OF GREAT MANY, CAUSING ONE'S TO GIVE UP ON ADDRESSING ISSUES THERE OF. THIS IS SIMPLY "OUTRAGEOUS" FOR WE ARE FORCED TO USE BLANK ENVELOPES HOPING THE MAIL ROOM WILL SEND OUT THESE MAIL'S. I HAVE SUBMITTED SEVERAL COMPLAINT'S/GRIEVANCES TO NO AVAIL, THEY COME UP MISSING. ALSO THESE DEPLORABLE LIVING CONDITION'S, FILTHY MATTRESSES, TORN SHEETS, RUSTY BED FRAMES & DOOR, UNCAULKED SINK & TOILET ALLOWING PEST'S TO ROAM FREELY SOME WICH CAN CAUSE SERIOUS HEALTH ISSUES. THE STAFF HERE IS SO MALICIOUS THAT WHEN THEIR SUPERIORS (SUCH AS "DIRECTORS") WALK THROUGH SGT.'S, LT.'S, & MAJOR'S, TRY TO KEEP ALL VISITOR'S MOVING IN A PACE TO IGNORE THOSE OF US TRYING TO CALL OUT OR GIVE PAPERWORK TO THE VISITORS. THIS IS ALL TO COMMON "MALICIOUS RETALIATION" SEEN AND UNSEEN. PLEASE CONSIDER MY TRUTH'S. EOB-

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT PURSUANT TO 28 USC 1746, 18 USC 1621, OR 735 ILCS 5/1-109 I DECLARE I AM THE ABOVE NAMED PARTY OF THIS DECLARATION. EXECUTED AT MENARD CORRECTIONAL CENTER IN MENARD, ILLINOIS

SIGN NAME X _____
PRINT NAME: ROBINSON
I.D. # : R-21621
LOCATION: NORTH 2 - 6 GALLERY - CELL 829

EX. 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND STINDE,
 PLAINTIFF

VS

SCOTT THOMPSON, ET AL.
 DEFENDANTS

DECLARATION
NAME + I.D.# Chappel Craigen M25917
CIVIL ACTION# _____

**I HEREBY DECLARE THE FOLLOWING:** My name is Chappel Craigen and I was transferred from Hill Correctional Center to Menard Correctional Center on July 18th 2019. It was a disciplinary transfer and I ended up being next to Raymond Stinde. My cell location was in Seg North 2, gallery 6, cell 34 and he was located in cell 33. I heard Raymond complain to our gallery officers for weeks to C/o Brown and C/o Brandt about him not having any bedding, mattresses being filthy, as well as his cell. I also witnessed him talk to numerous Lieutenants trying to get a bed roll or hygiene bag. He also spoke about his sink was also broken where his hot water doesn't shut off to allow his cold water to turn cold. I was also subject to the same conditions. I can also witness they wouldn't let us shower the first 7 days and some people longer. I can also attest that if you don't have grievances in your property no matter who you ask they will not give you any grievances. The officers will say there is none or say they forgot to get it FOR YOU MAKING EXCUSES.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT PURSUANT TO 28 USC 1746, 18 USC 1621, OR 735 ILCS 5/1-109 I DECLARE I AM THE ABOVE NAMED PARTY OF THIS DECLARATION. EXECUTED AT MENARD CORRECTIONAL CENTER IN MENARD, ILLINOIS ON 8.8.19.

SIGN NAME: X Chappel Craigen M25917
PRINT NAME: Chappel Craigen      #M25917
ADDRESS: P.O. BOX 1000, MENARD, IL. 62259



**✱ EXHIBIT ✱**
**18**

# Community
# Health Care, Inc.
### Opening Doors to Health Care

**Mailing Address**
500 W. River Drive
Davenport, IA 52801-1014

**Community Health Care
Locations**

**River Drive Clinic**
500 W. River Drive
Davenport, IA
563-336-3000
563-336-3044 (fax)

**Dental Clinic**
125 Scott St.
Davenport, IA
563-336-3221
563-336-3229 (fax)

**Moline Clinic**
(Care Group Illinois)
1803 7th St.
Moline, IL
309-757-8989
309-757-8945 (fax)

**Regional Virology Clinic**
Genesis West Pavilion
Davenport, IA
563-421-4244
563-421-4285 (fax)

**Homeless Clinics**
500 W. River Drive
Davenport, IA
563-336-3000
563-336-3044 (fax)

Friday, June 20, 2003

To    The Concerned Authority,
      Illinois Dept. of Public Aid.

RE: Raymond Stinde.

Raymond has been a patient at our clinic. He has been diagnosed with
Systemic Lupus Erythamtosis (SLE).

Owing to this condition he is at risk for developing kidney failure and
bleeding problems.  It is a condition that is going to need long-term
follow-up with specialized care and frequent blood tests.  Without the
consistent and comprehensive medical care he could be expected to have
rapid deterioration renal function and will then need to be on dialysis for
life.  Careful management of his disease will postpone his deterioration
hopefully by a few decades.

Please help enable this patient to access health care that he needs.

Sincerely,

*(signature)*

(Sathya Rau MD.)
Pediatrician.

6-20-03

MD or NP REVIEW
DATE _____
DOCTOR _____
       PULL CHART   ☐
       SEE PATIENT  ☐
       FILE         ☑

**Accredited By**



**Joint Commission**
on Accreditation of Healthcare Organizations

☀ EXHIBIT **19** ☀

Menard Correctional _____ Center

Offender Information:

**Stindle** — **hraymond** — ID#: **R 34993**

Plans

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/11/19<br>4:10 pm | | MH referral<br>GenMed C.C.<br>Cont meds as<br>ordered |

Remeron 30mg PO qHS
Plaquinil 200mg 1tab PO Qday
Hydrocerin Cream - Apply
to A.A. BID
Motrin 600mg PO TID

_L. Gugn, M_

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Menard Correctional Center

Offender Information:

**Stunde** (Last Name)   **Raymond** (First Name)   MI ___   ID#: **R3499**

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/11/19 | LPN/RN Note: (Intake Screening) | P) Obtain Intake Labs per Protocol: Y (N) |
| 410pm | S) Offender received from **PNKCC** | Obtain Clinic Lab per Protocol: (Y) N |
| | ___ Per transfer sheet <br> ___ Per offender statement | Schedule Initial PE and/or Eval for the following Chronic Clinic(s): |
| | S/R need for the following Chronic Clinic: | |
| | Asthma: Y (N)   Seizure: Y (N)   Cardiac/HTN: Y (N) <br> DM: Y (N)   HCV: Y (N)   High Risk: Y (N) | |
| | Gen Med (Y) N   Reason: (Lupus) | |
| | S/R past +PPD: Y N <br> If yes – S/R bad Tx: Y N <br> When/Where/Duration: | |
| | I consent to have the Flu Vaccine: Signature ___ | |
| | I refuse a Flu vaccination at this time: Signature ___ | |
| | (For consent to flu vaccination only otherwise mark N A) <br> Have you ever had an allergic reaction to the flu vaccine: Y N   N A <br> Are you allergic to Thimerosal (a mercury based preservative): Y N N A | |
| | Do you have a history or Guillain-Barre Syndrome (illness associated with swine flu in 1976 characterized by fever, nerve damage, and muscle weakness):   Y N   N/A | |
| | Are you allergic to latex: Y N   Are you allergic to eggs: Y N   N/A <br> Are you currently taking an Antibiotic for infection: Y N   N A | |
| | O)   PPD Given:   Y (N) | |
| | Clinical Symptoms: (For Past +PPD Only) <br> Lethargy: Y N   Weakness Y N <br> Appetite: Y N   Wt. Loss Y N   Loss of <br> Fever:   Y N   Chronic Cough Y N   Chest Pain Y N <br> Coughing up Blood Y N   ts Y N   Smoker Y N   Night Sweats | |
| | Last Documented Chest X-Ray ___ | Obtain Chest X-Ray <br> Y      N |
| | | (continue on other side) |

nbution: Offender's Medical Record

ILLINOIS DEPARTMENT OF CORRECTIONS

EXHIBET 20

**Offender Outpatient Progress Notes**

_____ Menard Correctional _____ Center

**Non-Specific
Discomfort**

| Offender Information: | | |
|---|---|---|
| Stinde<br>Last Name | Raymond<br>First Name | MI | ID#: R34993 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7-19-19<br><br>925A | RN NOTE / LPN/CMT NOTE<br>S) - Any Allergies? None<br>- Location of pain / discomfort? arms and legs<br>Pain related to Lupus<br>- Describe pain<br>Stabbing Throbbing Constant Intermittent Etc.<br>- Have you had this pain before and how was it treated?<br>Dx with Lupus at age 13/14 - Ibuprofen 800mg and Plaquenil daily<br>- Rate pain level scale of 1 – 10?<br>up to a 9<br>- Duration of pain?<br>Intermittent through the day<br>O)<br>99 T— P 103 R 116 BP 128/2 WT 191<br>- Signs of obvious discomfort<br>None at time of<br>visit- been without Ibuprofen 800mg, has been getting Plaquenil<br>- Observations related to body part affected<br>Came from Pickneyville on<br>7-11-19, has not been<br>seen by a PCP in<br>regards to tx for<br>his Lupus | P) MD Referral if:<br>Dr. line for Lupus tx<br>- Patient presents more than twice at NSC for c/o same discomfort within one month<br>- Patient presents with signs of acute, severe discomfort<br>- Patient has abnormal vital signs<br><br>No MD referral:<br>- Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets)<br>- Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs)<br><br>Patient Teaching:<br>- Return to see provider if symptoms worsen or interfere with daily functioning |
| | A) Non-Specific Discomfort | Nurse Signature<br>J. Locke LPN<br>Payment voucher        YES        NO |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

*Printed on Recycled Paper*



**ILLINOIS DEPARTMENT OF CORRECTIONS**

### Offender Outpatient Progress Notes

_____ Menard Correctional _____ Center

← OTHER SIDE →

| Offender Information: | | |
|---|---|---|
| Stindle | Raymond | ID#: R31993 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/25/19 1300 | NP note. I/m scheduled on NPC. Line movement stopped @ 1020 for 10-10 on yard. Will not restarted til 1150. | Reschedule. |
| | | M. Irwin NP |
| 9/30/19 10a | cm note sto scheduled NSC 1m @ - Refusal Signed A: Right to Refuse EXHIBIT 22 | D/NSC pm REFUSED |



**ILLINOIS DEPARTMENT OF CORRECTIONS**

### Offender Outpatient Progress Notes

_____ Menard Correctional _____ Center

EXHIBIT 23

| Offender Information: | | | |
|---|---|---|---|
| Stinde | Raymond | | ID#: R31993 |
| Last Name | First Name | MI | |

EXHIBIT 13

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/1/19 1030 wt 191 | NPCL S. F/U for transfer in + need his motrin restarted PMH lupus O: AOX. Skin ē small break out of small pimple like rash on back. A: Lupus. | P: Motrin 800 mg 1 po TID PRN arthral Hydrocortisone cream given from stock for rash on back. N. Jimin ___ |
| 9/2/19 191 | SEE OTB NOTE | Continue the same meds RTC 6 week __ NSAIC Noted Steven 9/2 2:45 pm |

\* SICK CALL \*

TO: SICK CALL

FROM: Raymond STINDE R34993 N2-6-33

DATE: 8-6-19

EXHIBIT
24

I am writing to see whats going on with my pain medecine ordered on 8-1-19 by the Nurse Practitioner.

CC: HEALTH
CARE
UNIT
STINDE R34993

---

\* SICK CALL \*

TO: SICK CALL

FROM: RAYMOND STINDE R34993 N2-6-33

DATE: 8-15-19

EXHIBIT
25

I AM WRITING TO BE PLACED ON THE SICK CALL LIST. I AM IN EXTREME PAIN WITH MY LUPUS AND NEED ~~MEDINE~~

CC: HEALTH CARE
STINDE - COPY

---

\* Sick Call \*

TO: Sick Call

FROM: Raymond Stinde R34993 N2-6-33

DATE: 9-3-19

EXHIBIT
26

I HAVE PUT NUMEROUS SLIPS IN ABOUT THE PAIN I'M IN REGUARDING MY LUPUS I STILL HAVE NOT RECIEVED THE MEDECINE ORDERED ON 8-1-19. PLEASE HELP ME!!

CC: HEALTH
CARE
UNIT
STINDE R34993

VANDERVERN EXHIBIT 28 

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Outpatient Progress Notes

_____ **Menard Correctional** _____ Center

**Non-Specific Discomfort**

| Offender Information: | | |
|---|---|---|
| Strode _(Last Name)_ | Raymond _(First Name)_ | _(MI)_   ID#: R34993 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/3/19 845a | **RN NOTE    LPN/CMT NOTE**  S) - Any Allergies? NKDA  - Location of pain / discomfort?  S/P DX c̄ Lupus  - Describe pain  Stabbing, Throbbing, Constant, Intermittent, Etc.  Joint Pain achy  - Have you had this pain before and how was it treated?  Yes - Ibuprofen 800mg expired  - Rate pain level scale of 1 – 10?  3  - Duration of pain?  Yrs  O)  96⁴ P 68 R12 BP 116/74 WT 198  - Signs of obvious discomfort  - Observations related to body part affected  - I'm Concerned platelets  May be low - S/P DX c̄ Lupus  - Currently on Plaquenil for Lupus | P) MD Referral if: Lupus Concerns  - Patient presents more than twice at NSC for c/o same discomfort within one month  - Patient presents with signs of acute, severe discomfort  - Patient has abnormal vital signs  **No MD referral:**  - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets)  - Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs)  **Patient Teaching:**  - Return to see provider if symptoms worsen or interfere with daily functioning |
| | A) Non-Specific Discomfort | Nurse Signature  Jen mol re  Payment Voucher    YES    NO |

EXHIBIT 29

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Outpatient Progress Notes

_____ **Menard Correctional** _____ Center

**Offender Information:**

| Last Name | First Name | MI | ID#: |
|---|---|---|---|
| Stindle | Raymad | | R34993 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/11/19 1050 | NPCL S f/u for c/o Pain in joints for lupus. Rituxan for this O: Nodul. Skin ~ ld. LCTA RRR. A: Lupus ——— | P: Ad___ Motrin 800 mg 1 po TID PRN x1 mo. CBC, CMP, ANA, CRP.  N. ___ ___ Noted 10.11.19 ___ ___ RN |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

*PLEASE RETURN ALL DOCUMENTS*

Housing Unit Bed #: 6-33

RECEIVED OCT 16 2019

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Date: 10-14-19

Offender (Please Print): RAYMOND STINDE

ID#: R34993

Present Facility: MENARD C.C.

Facility where grievance issue occurred: MENARD C.C.
162-10-19

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): DELIBERATE INDIFFERENCE
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____ / ____ / ____
    Date of Report                     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor. OCT 16 2019

Chief Administrative Officer, only if EMERGENCY grievance.

Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drug issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Review Board. CLINICAL SERVICES

RECEIVED OCT 16 2019

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): *HISTORY OF EVENTS*

ON 7-11-19 I TRANSFERRED INTO MENARD CORRECTIONAL CENTER. I WENT
THROUGH INTAKE PROCESS WITH HEALTH CARE IN NORTH 2 AND MADE THEM AWARE
OF MY LUPUS CHRONIC ILLNESS AND PAIN MEDICINE I RECIEVE DUE TO LUPUS (EXHIBIT
1). INTAKE SCREENING. ON AND AROUND 7-19-19 I SUBMITTED A SICK CALL BECAUSE
I HADN'T RECIEVED MY PAIN MEDICINE WHICH CONSISTED OF IBUPROFEN OR MOTRIN
(HIGH DOSAGE) AND I WAS EXPERIANCING EXTREME PAIN SO ON 7-19-19 I WAS
SEEN BY LPN Ms.T IN WHICH I TOLD HER I WAS IN PAIN FROM A SCALE
1-10 IT WAS A 9 AND I HAVEN'T BEEN SEEN BY A DOCTOR OR ANYTHING (EXHIBIT 2).
ON 7-25-19 I WAS SCHEDULED TO SEE THE NURSE PRACTIONER AND IT WAS

Relief Requested: TO RECIEVE PROPER PAIN MEDICATION SO THAT MY PAIN AND SUFFERING
CAN BE REDUCED TO BEING TOLERABLE. FOR THIS GRIEVANCE TO BE TAKEN AS
NORTH 2 HEALTH CARE UNIT GIVING INADAQUATE HEALTH CARE AND NEED TO BE ADDRESSED.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

Offender's Signature: (signature)    ID#: R34993    Date: 10, 14, 19

(Continue on reverse side if necessary)

RECEIVED

*EXHIBIT 30*

---

**Counselor's Response (if applicable)**

MAR 18 2020
MENARD C.C.
GRIEVANCE

Date Received: 10, 17, 10

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Applicable response from HCU attached. If offender wishes to continue the process this response must accompany grievance. (response received 2/25/2020)

HOOD
Print Counselor's Name

(signature)
Counselor's Signature

2, 25, 2020
Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                    Date

Distribution: Master File; Offender         Page 1         DOC 0046 (1/2018)
Printed on Recycled Paper

HC not receiving pain medication for Lupus

(EXHIBIT 3)
CANCELED FOR A FIGHT ON THE YARD WITHIN THE INSTITUTION. ON AND AROUND 7-30-19 I SUBMITTED ANOTHER SICK CALL BECAUSE OF THE PAIN THROUGHOUT MY JOINTS DUE TO LUPUS AND THE NURSE AT SICK CALL TRIED TO MAKE ME PAY AND I REFUSED DO TO ME HAVING A CHRONIC ILLNESS I DON'T HAVE TO AS LONG AS IT'S ABOUT AN CHRONIC ILLNESS SO AFTER REFUSING TO SIGN THE MONEY VOUCHER SHE REFUSED TO TREAT ME DEALING WITH MY CHRONIC ILLNESS (EXHIBIT 3). ON 8-1-19 I WAS SEEN BY THE NURSE PRACTIONER AND SHE ORDERED MOTRIN 800mg FOR MY PAIN THAT I HAVE BEEN IN, (EXHIBIT 4). THROUGHOUT THE MONTH OF AUGUST AND SEPTEMBER. I PLACED 5 SICK CALL SLIPS IN THE MAIL TO HEALTH CARE UNIT AND WHEN NURSES WOULD COME AROUND THEY WOULD TELL ME THEY'LL LOOK INTO IT OR SAY THEY GOT MY SICK CALL AND TELL ME THERE'S NO NEED FOR IT BECAUSE THE MEDECINE WAS ORDERED. THE NURSE'S WOULD MAKE ROUNDS DAILY AND THEY WOULD STATE THIS AT MY CELL.

THAT ON AND AROUND THE BEGINNING OF OCTOBER I WAS FINALLY CALLED TO NURSE SICK CALL AND NURSE REBA ASSISTED ME WITH 200mg OF IBPROFEN WHICH IS ALL SHE WAS AND IS AUTHORIZED TO GIVE ME BUT DO TO THE PAIN I'VE BEEN IN IT WAS LIKE PUTTING AN BANDAID OVER A CUT THAT NEEDED STAPLED, STITCHED, IF THAT MAKES ANY SENSE. REBA ALSO PUT ME BACK IN TO SEE THE NURSE PRACTITIONER. ON ABOUT THE SECOND WEEK OF OCTOBER I WAS SEEN BY THE NURSE PRACTITIONER AND TOLD HER EVERYTHING I HAVE BEEN GOING THROUGH WITH PAIN, WHY HAVEN'T I RECIEVED MY MEDECINE FOR IT, AND OTHER CONCERNS ABOUT MY LUPUS AND SHE SUBMITTED ME FOR TESTS REGUARDING MY CONCERNS.

*REASONS FOR GRIEVANCE*

SINCE BEING IN MENARD THE HEALTH CARE UNIT HAS LEFT ME IN PAIN TO SUFFER KNOWING MY CONDITION AND THE EFFECTS IT HAS ON ME. THROUGH SICK CALL, NURSES, AND NURSE PRACTITIONER I HAVE BEEN TRANSPARENT AND LETTING THEM KNOW MY MEDICAL ISSUES AND AS OF TODAYS DATE ON GRIEVANCE I STILL HAVE NOT RECIEVED THE CORRECT PAIN MEDECINE FOR 3 MONTHS TOTAL NOW. THERE HAS BEEN NO BLOOD TEST TO SEE HOW MY BODY IS FUNCTIONING WHICH IS REQUIRED FREQUENTLY WITH MY CONDITION. I SEEK ADAQUATE MEDICAL TREATMENT REGUARDING MY CONDITION. E.O.R.

RELIEF REQUESTED CONT'D: THE NAMES OF NURSE THAT DELIVERED MEDICATION TO CELLS IN THE MONTH OF AUGUST & SEPTEMBER SO THE NURSES COULD BE IDENTIFIED REGUARDING THESE CLAIM HEREIN.

**JB Pritzker**
Governor



**Rob Jeffreys**
Acting Director

## The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL  62259 • (618) 826-5071 TDD: (800) 526-0844

# MEMORANDUM

**DATE:**  February 19, 2020

**TO:**  Hood, Corrections Counselor

**FROM:**  Angie Crain, RN, HCUA

**SUBJECT:** Offender Stinde, Raymond R34993 Grievance 162-10-19

Dr. Siddiqui and I are in receipt of Offender Stinde, Raymond R34993 Grievance 162-10-19 dated 10/14/2019 regarding medical treatment. Offender grieves not receiving his Ibuprofen pain medication for his Lupus after coming to MCC. The offender was received into MCC on 07/11/19 and it is noted on his intake paperwork he had an order for Ibuprofen 600mg. Per review of the offender's Medication Administration Record, the offender had an active order for Ibuprofen 600mg written on 06/20/19 and expiring 09/20/19. The offender last received #90 tabs of Ibuprofen 600mg on 06/21/19 while at PNKCC. This medication is "Keep On Person" and would have been in the offender's property. The offender would not have been eligible for a refill of his medication until 07/14/19. Per consultation with the pharmacy, a written refill request was not received from the offender during the months of July, August, and September of 2019. The offender was given a new order for Ibuprofen 800mg on 10/11/19 and he received #30 tabs to "Keep On Person" on 10/15/19. It is the offender's responsibility to personally submit a written refill request for his medication within seven days prior to his supply ending. This will prevent a lapse in medication. No other requests regarding medication have been received from the offender at this time. Offender should utilize nurse sick call protocol if any further issues.

_____
Dr. Siddiqui, Facility Medical Director

_____
Angela Crain, RN, HCUA

**RECEIVED**

MAR 18 2020

MENARD CC
GRIEVANCE OFFICE

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS
*PNK* Offender Disciplinary Report    *SMI* *680* Date: 7-2-19

**Type of Report:** ☒ Disciplinary  ☐ Investigative     Facility

Offender Name: *Stinde, Raymond*     ID #: *R34993*

Observation Date: *7-2-19*   Approximate Time: *17* ☐ a.m. ☐ p.m.   Location: *R5 A wing Shower*

Offense(s): DR 504: *102 B - Assault, 25- Disobeying a Direct Order Essential to safe security*

Observation: (NOTE: Each offense identified above must be substantiated.)

*On the above date and approx. time this R/o gave
I/m Stinde R34993 a direct order to come to the front
of the R5 A wing shower so he could be strip searched
and placed into a seg cell. At this time Stinde proceded
to the front of the shower and spit at this R/o hitting this
R/o on the right leg. I/m Stinde then proceed to the back
of the shower with the restraints remaining on. Zone
Lt notified and a positive identification was made using
a State issued ID card*

Witness(es): *Sgt Johnson 8483*

☐ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| *Vandenberhay* | *262* | *Sig* | *7-2-19* | *1:40* ☒ a.m. ☐ p.m. |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

---

### Disciplinary Action

**Shift Review:** ☒ Temporary Confinement  ☐ Investigative Status   Reasons: *NATURE OF OFFENSE*

*MAS McLEAN #692*     *(sig)*     *7/3/19*
Printed Name and Badge #    Shift Supervisor's Signature
(For Transition Centers, Chief Administrative Officer)    Date

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: *CONT CONFINEMENT*

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

*MAJOR Cocke #637*     *Major Cocke*     *7/3/19*
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

*Preda 6090*     *(sig)*     *7/3/19*
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign    Offender's Signature ___   ID# ___

*Loud*     *10856*     *(sig)*
Serving Employee (Print Name)    Badge #    Signature

*7-4-19*     *912* ☒ a.m. ☐ p.m.
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____     _____
Offender's Signature    ID#

---

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

_____     _____     _____
Date of Disciplinary Report    Print offender's name    ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |

Witness can testify to: _____

Distributor:    Master File
Offender
Facility (2)     Page __1__ of __1__   *Printed on Recycled Paper*   DOC 0317 (Rev. 3/2004)

Stinde v. Schoenbeck, et al. (19-1140) Document No.    000074

EX. 32

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: STINDE, RAYMOND J

Hearing Date/Time: 7/11/2019  01:10 PM

Incident Number: 201902001/1 - PNK

IDOC Number: R34993

Living Unit: MEN-N2-06-33

Status: Final

Race: BLK

Orientation Status: N/A

---

CHRISTOPHER S THOMPSON / LJL  7/17/2019
**Chief Administrative Officer**

S. Thompson    07/17/19
**Signature**      **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504, Subpart F.

---

**Employee Serving Copy to Committed Person**

7-21-19    700
**When Served  -- Date and Time**

## OTHER SIDE

## EX. 32



RECEIVED

SEP 03 2019

ADMINISTRATIVE
REVIEW BOARD

Run Date: 7/17/2019 13:47:03

Page 2 of 2

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000073

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Date: 7/2/2019

**Type of Report:**  ☒ Disciplinary   ☐ Investigative

Pinckneyville C.C.
Facility

Offender Name:   STINDE, RAYMOND J.                    ID #:   R34993

EX. 33

**Offense Information:**

Observation Date:   7/2/2019   Approximate Time:   7:00   ☐ a.m. ☒ p.m.   Location:   Internal Affairs

**Offense(s): DR 504:**    #205 - Security Threat Group or Unauthorized Organizational Activity

**Observation:**  (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, the Internal Affairs Unit completed a search of inmate STINDE, RAYMOND #34993 property. During the search, a drawing of a Playboy Bunny with a tear drop under the left eye was discovered. The Playboy Bunny is used to represent the Conservative Vice Lord Security Threat Group. The drawing of the Playboy Bunny also contained a tear drop under the left eye, which is used to represent the People Nation. The People Nation is an allegiance of street gangs that align under the 5 point star, including the Conservative Vice Lords. Members of the People Nation wear all identifiers to the left. STINDE is a validated member of the Conservative Vice Lords from Rock Island, IL. Inmate STINDE, RAYMOND #34993 identified by State ID. Major ADAMS notified.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| | | | | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|
| C/O BENNETT | 11649 | | 7/2/2019 | 7:30 |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

---

**Disciplinary Action:**

**Shift Review:**  ☐ Temporary Confinement   ☐ Investigative Status   Reasons:

Printed Name and Badge #          Shift Supervisor's Signature          Date
                                  (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:**  ☒ Confinement reviewed by Reviewing Officer   Comment: Continue Confinement

☒ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction**, submitted to Program Unit

MAJOR ADAMS #694                    _mahew_                    7/2/2019
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_Crehn 624 A_                                    _7/3/19_
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_Loud_          Offender's Signature   10856          ID#
Serving Employee (Print Name)   Badge #   Signature

7-4-19          900          ☐ a.m. ☐ p.m.
Date Served     Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature                    ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report          Print offender's name          ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| Witness can testify to: | | | |
| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
| Witness can testify to: | | | |

Page 1 of 1

Distribution:   Master File
                Offender
                Facility (2)                    Printed on Recycled Paper                    DOC 0317 (Rev. 2/2007)

Stinde v. Schoenbeck, et al. (19-1140) Document No.:          000300

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

Offender Name: Stinde, Raymond J                              ID#: R34993

Based on offender's mental health status and mental illness it is the reviewing MHP's **OPINION** that:

|  | No | Yes |
|---|---|---|
| • The offenders mental illness contributed to the behavior at issue and as reported on the DOC 0317 .................................................................................................. | ☐ | ☒ |
| • Confinement in segregation is likely to significantly impact the offender's mental health: | ☐ | ☒ |
| • The offenders mental illness should be considered when imposing discipline (up to and including segregation) .................................................................... | ☐ | ☒ |

**Recommendations:**

Proposed segregation term: <u>No segregation time is recommended</u>

☐ Consider reduced segregation time

☐ C-grade only recommended

☐ Recreation restriction recommended

☐ B-grade only recommended

☐ Good time revocation recommended

☐ Loss of privileges (identify)

OTHER SIDE

EX. 33

☐ Other (identify)

Mental Health Review completed by:

Molly McElvain
Name (Print)

Signature

LCPC, QMHP                                    7/3/2019
Title                                         Date

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000299

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

PINCKNEYVILLE C.C.                                    *SMI*            Date: 7/3/2019

**Facility**    6B

| Type of Report: | |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Offender Name:    **STINDE, RAYMOND**      ID #:    **R34993**

**Offense Information:**

Observation Date:    07/03/2019     Approximate Time:    10:15    ☒ a.m. ☐ p.m.    Location:    R1-D-13

**Offense(s):** DR 504:    102b-Assault, 110-Impeding an Investigation, 202-Damage or Misuse of Property, 214 – Fighting,

**Observation:**   (NOTE: Each offense identified above must be substantiated.) On 07/03/2019 the Intelligence Unit completed an inquiry into an alleged altercation between inmates VAN OPPEN, VINCENT Y31437 and STINDE, RAYMOND R34993. This inquiry was initiated due to the Investigations Unit receiving information from R1 security staff that inmate VAN OPPEN possessed multiple injuries consistent with an altercation. Inmate VAN OPPEN was taken to the Health Care Unit and was treated for multiple cuts and bruising to his face. The Investigations Unit interviewed inmate VAN OPPEN who stated he and inmate STINDE had been arguing due to STINDE calling him the police and a snitch. VAN OPPEN stated STINDE said when the doors opened he was going to come into to R1-D-14 and fight VAN OPPEN. VAN OPPEN stated he did not want to get caught off guard by STINDE. VAN OPPEN stated when R1-D-13 door opened on 07/02/2019 at 11:39am

Witness(es):

☒ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| C/O URASKI | 10486 | | 07/03/2019 | 10:55 | ☒ a.m. ☐ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement    ☐ Investigative Status    Reason:   Nature of Offense

MAJOR CLELAND    692      _signature_      07/03/2019

Printed Name and Badge #     Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)     Date

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer    Comment: Continue Confinement

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

MAJOR COCKE #637     _signature_     7/3/19

Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

_Pooley_ 6320     _signature_     7/4/19

Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_Loyd_     Offender's Signature     ID#

Serving Employee (Print Name)    10866    Badge#    Signature

7-5-19     1220   ☒ a.m. ☐ p.m.

Date Served     Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature     ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report     Print offender's name     ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| Witness can testify to: | | | |

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| Witness can testify to: | | | |

Page 1 of 2

Distribution:   Master File    Offender    Facility (X)      Printed on Recycled Paper      DOC 0317 (Rev. 2/2007)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Continuation Page**

PINCKNEYVILLE C.C.
Facility

☒ Disciplinary Report   ☐ Investigative Report   ☐ Disciplinary Summary   ☐ Adjustment Committee Summary

Report/Incident Date: 07/03/2019                Incident # (if applicable): _____

Use the space below to provide any additional information.

he went into D-13 and he and STINDE began striking each other with closed fist punches. VAN OPPEN stated STINDE struck him in the head with a hotpot. VAN OPPEN stated that the hotpot broke free from the handle and STINDE began using the handle to strike VAN OPPEN in the face until the altercation was broken up by a porter. STINDE was escorted to the Health Care Unit to be assessed for his injuries that were consistent with a physical altercation. While at the Health Care Unit the Investigations Unit attempted to interview STINDE about the altercation. STINDE was non-compliant stating "I don't know anything, I did not do anything, I have nothing to say". STINDE would not answer any questions and refused to cooperate with the Investigations Unit. The Investigations Unit was forced to complete interviews with other sources on the wing. The multiple confidential inmate sources who shall remain nameless for security reasons and deemed reliable due to the consistencies in the description of the event as it occurred stated that STINDE and VAN OPPEN exchanged closed fist punches on 07/02/2019 inside R1-D-13 until the altercations was stopped by another inmate. Due to the evidence and information collected the Investigations Unit has justified the above charges. Both VAN OPPEN and STINDE were identified by Institutional Graphics and State ID.

EX. 34 CONTINUED

Page 2 of 2

Distribution: Master File, Offender, Facility (2)         Printed on Recycled Paper         DOC 0318 (Eff. 6/2005)
(Replaces DC 7212)

Stinde v. Schoenbeck, et al. (19-1140) Document No.: 000094

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

EX. 35

**Offender Name:** Stinde, Raymond J.                                    **ID#:** R34993

| Disciplinary notification received from Shift Commander: 7/3/2019 <br> Date <br><br> Disciplinary Report (DOC 0317) received: 7/3/2019 <br> Date <br><br> Action: ☐ Stay of continuance until further notice <br> ☒ Resume proceedings | Facility: PNKCC <br><br> ☐ Sp/RTU   ☐ SEG   ☐ GP <br><br> ☐ R&C   ☒ HCU   ☐ PC |
|---|---|

Date and Time of Original Disciplinary Report (DOC 0317): 7/2/2019                    135    ☐ a.m. ☒ p.m.

List Offense(s):

    102B-Assault

    215-Disobeying A Direct O

**Level of Care:** ☐ Acute Inpatient    ☐ Sub-acute Inpatient    ☐ Sp/RTU    ☐ Outpatient    ☒ Crisis

Was the offender on crisis watch at the time of offense? ......................... ☒ No    ☐ Yes

Is the offender currently on crisis watch? ........................................ ☐ No    ☒ Yes

Current mental status. ............................................................ ☐ Stable    ☒ Not Stable

Mental Health Summary: Based on review of medical file, it is this MHP's opinion that there were mitigating factors related to offender's mental illness that contributed to the behavior for which he was issued a DOC 0317 disciplinary ticket. No segregation time is recommended.

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000321



ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

Offender Name  Stinde, Raymond J                    ID#: R34993

Based on offender's mental health status and mental illness it is the reviewing MHP's **OPINION** that:

|  | No | Yes |
|---|---|---|
| • The offenders mental illness contributed to the behavior at issue and as reported on the DOC 0317 | ☐ | ☒ |
| • Confinement in segregation is likely to significantly impact the offender's mental health: | ☐ | ☒ |
| • The offenders mental illness should be considered when imposing discipline (up to and including segregation): | ☐ | ☒ |

Recommendations:

Proposed segregation term: No segregation time is recommended

☐   Consider reduced segregation time
☐   C-grade only recommended
☐   Recreation restriction recommended
☐   B grade only recommended
☐   Good time revocation recommended
     Loss of privileges (identify)

Ex. 36

☐   Other (identify)

Mental Health Review completed by:

Molly McElvain                          Signature: _Molly McElvain_
Name (Print)

LCPC, QMHP                              7/3/2019
Title                                  Date

Distribution:  Master File                                    DOC 0443 (Rev. 05/2015)

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000322

 

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

Ex. 36

**Offender Name:** Stinde, Raymond J.                           **ID#:** R34993

| Disciplinary notification received from Shift Commander: 7/3/2019 <br> *Date* | Facility: PNKCC |
|---|---|
| Disciplinary Report (DOC 0317) received: 7/3/2019 <br> *Date* | ☐ Sp/RTU   ☐ SEG   ☒ GP |
| Action.   ☐ Stay of continuance until further notice <br> ☒ Resume proceedings | ☐ R&C   ☐ HCU   ☐ PC |

Date and Time of Original Disciplinary Report (DOC 0317): 7/2 2019        700     ☐ a.m. ☒ p.m.

List Offense(s)

205-Security Threat Group

Level of Care:   ☐ Acute Inpatient   ☐ Sub-acute Inpatient   ☐ Sp/RTU   ☒ Outpatient   ☐ Crisis

Was the offender on crisis watch at the time of offense? ................................... ☒ No        ☐ Yes

Is the offender currently on crisis watch? ........................................................ ☐ No        ☒ Yes

Current mental status: .......................................................................... ☐ Stable   ☒ Not Stable

Mental Health Summary: Based on review of medical file, it is this MHP's opinion that there were mitigating factors related to offender's mental illness that contributed to the behavior for which he was issued a DOC 0317 disciplinary ticket. No segregation time is recommended.

SEE THE BACK OF EX.33
FOR PAGE 2 OF THIS EXHIBIT
PLEASE

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000298

## STATE OF ⬤⬤OIS -- DEPARTMENT OF CORR⬤⬤ONS

### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** STINDE, RAYMOND J | **IDOC Number:** R34993 | **Race:** BLK |
| **Hearing Date/Time:** 7/11/2019  01:10 PM | **Living Unit:** MEN-N2-06-33 | **Orientation Status:** N/A |
| **Incident Number:** 201902000/1 - PNK | **Status:** Final | |

CHRISTOPHER S THOMPSON / LJL  7/16/2019  
_Chief Administrative Officer_

S. Thompson      07/16/19  
_Signature_      _Date_

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_Employee Serving Copy to Committed Person_

7-18-19   700  
_When Served  - - Date and Time_

OTHER SIDE

EX. 36

Stinde v. Schoenbeck, et al. (19-1140) Document No.:          000297

Ex. 37

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

Offender Name: Stinde, Raymond                                      ID#: R34993

| Disciplinary notification received from Shift Commander: __not rec'd__ | Facility: PNK CC |
|---|---|
| Disciplinary Report (DOC 0317) received: __7/11/19__ Date | ☐ Sp/RTU    ☐ SEG    ☒ GP |
| Action:  ☐ Stay of continuance until further notice ☒ Resume proceedings | ☐ R&C    ☐ HCU    ☐ PC |

Date and Time of Original Disciplinary Report (DOC 0317): 7/3/2019        1055   ☒ a.m.
                                                                                 ☐ p.m.

List Offense(s):     102b Assault                          214 Fighting

                     110 Imped an Inv

                     202 Damage Misuse Prop

Level of Care:  ☐ Acute Inpatient    ☐ Sub-acute Inpatient    ☐ Sp/RTU    ☐ Outpatient    ☒ Crisis

Was the offender on crisis watch at the time of offense? ........................ ☐ No    ☒ Yes

Is the offender currently on crisis watch? .......................................... ☒ No    ☐ Yes

Current mental status: .................................................................. ☐ Stable    ☐ Not Stable

Mental Health Summary: Offender Stinde has been receiving mental health treatment on a regular basis. Based on his records he exhibits impairment in his mental and social functioning. It this Clinician's opinion there a mitigating factors to consider as to why the offender received the above ODR. He was not interviewed at the time of the incident and his current mental status is unknown.

Page 1 of 2
Printed on Recycled Paper

DOC 0443 (Rev. 05/2015)

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000309



ILLINOIS ~~~~ UT OF C~~~~ IONS
**MENTAL H**~~~~ **DISCIPLINARY REVIEW**

**Offender Name:** Stinde, Raymond _____ **ID#:** R34993 _____

Based on offender's mental health status and mental illness it is the reviewing MHP's **OPINION** that:

|  | No | Yes |
|---|---|---|
| • The offenders mental illness contributed to the behavior at issue and as reported on the DOC 0317 | ☐ | ☒ |
| • Confinement in segregation is likely to significantly impact the offender's mental health. | ☐ | ☒ |
| • The offenders mental illness should be considered when imposing discipline (up to and including segregation) ........................................................... | ☐ | ☒ |

<u>Recommendations:</u>

Proposed segregation term: 0 segregation

☒    Consider reduced segregation time
☐    C-grade only recommended
☐    Recreation restriction recommended
☐    B grade only recommended
☐    Good time revocation recommended
☐    Loss of privileges (identify) _____

_BX.37_

_____

☒    Other (specify) Offender Stinde will be scheduled for a mental health assessment and medication review. Treatment recommendations will be made at the conclusion of the evaluation.

_____

Mental Health Review completed by,

Dr. S. Lane, PsyD, LCP _____      _(signature)_
Name (Print)                         Signature

Psych Admin _____      7 11 2019 _____
Title                                Date

Stinde v. Schoenbeck, et al. (19-1140) Document No.:      000310

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** STINDE, RAYMOND J | **IDOC Number:** R34993 | **Race:** BLK |
| **Hearing Date/Time:** 7/11/2019  01:10 PM | **Living Unit:** MEN-N2-06-33 | **Orientation Status:** N/A |
| **Incident Number:** 201901999/1 - PNK | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/2/2019 | 201901999/1-PNK | VANDEKERKHOVE, TREG M | R5 CELLHOUSE | 01:25 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 102b | Assault | Guilty |
| | *Comments:Spit on staff* | |
| 215 | Disobeying a Direct Order Essential to Safety and | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
DR read to inmate.  Inmate pled not guilty, stating "I don't know what I did, the devil had control".

## BASIS FOR DECISION
Reporting Officer Vandekerkhove gave inmate Stinde R34993 a direct order to come to the front of the segregation shower to be strip searched.  Inmate Stinde proceeded to the front of the shower and spit on staff striking him in the right leg and returned to the back of the shower.  Inmate failed to provide a relevant statement.  Inmate identified by ID card.

Inmate Stinde R34993 is designated as SMI.  Mental Health was contacted who recommended no segregation.  The Adjustment Committee is recommended segregation due to the nature of the assault on staff.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| 3 Months Segregation | 3 Months Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| 1 Year Commissary Restriction | 1 Year Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| Basis for Discipline:Nature of offense | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| HECK, CHARLES W  - Chair Person | | 07/11/19 | WHI |
| MYERS, SR., MARCUS | | 07/11/19 | BLK |

Recommended Action Approved

## Final Comments:
Offender Stinde R34993 will receive three months segregation due to the nature of the offense. Offender will be eligible for a segregation reduction based upon improved behavior, participation in mental health programming, and compliance with facility rules.

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000319

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** STINDE, RAYMOND J | **IDOC Number:** R34993 | **Race:** BLK |
| **Hearing Date/Time:** 7/11/2019   01:10 PM | **Living Unit:** MEN-N2-06-33 | **Orientation Status:** N/A |
| **Incident Number:** 201901999/1 - PNK | **Status:** Final | |

CHRISTOPHER S THOMPSON / LJL  7/17/2019

Chief Administrative Officer

_S. Thompson_ 07/17/19

Signature       Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person

7-01-12   7:00

When Served - - Date and Time

Stinde v. Schoenbeck, et al. (19-1140) Document No.:       000320

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| **Name:** STINDE, RAYMOND J | **IDOC Number:** R34993 | | **Race:** BLK |
| **Hearing Date/Time:** 7/11/2019  01:10 PM | **Living Unit:** MEN-N2-06-33 | | **Orientation Status:** N/A |
| **Incident Number:** 201902000/1 - PNK | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/2/2019 | 201902C00/1-PNK | BENNETT, KEITH E | INTERNAL AFFAIRS | 07:00 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 205 | Gang Or Unauthorized Organization Activity | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

### RECORD OF PROCEEDINGS

DR read to inmate. Inmate pled not guilty, stating "It was in a tattoo book I had. I traced it off there".

### BASIS FOR DECISION

Reporting Internal Affairs Unit Officer Bennett observed inmate Stinde R34993 to be in possession of a drawing of a playboy bunny with a tear drop under the left eye while searching his property. The playboy bunny is used to represent the Conservative Vice Lords Security Threat Group and the tear drop under the left eye represents the people nation. The people nation is an allegiance of street gangs which include the Conservative Vice Lords STG. Inmate Stinde is a validated Conservative Vice Lords STG member. Inmates admission it was his drawing. Inmate identified by ID card.

***Retain in Internal Affairs***
    STG drawing

Inmate Stinde R34993 is designated as SMI. Mental Health was contacted who recommended no segregation.

*Ex. 39* (handwritten)

### DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

Basis for Discipline: Nature of offense

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| HECK, CHARLES W  - Chair Person | | 07/11/19 | WHI |
| MYERS, SR., MARCUS | | 07/11/19 | BLK |

Recommended Action Approved

### Final Comments: N/A

*Addressed 8/28/19* (handwritten)

RECEIVED
SEP 0 3 2019
ADMINISTRATIVE
REVIEW BOARD

Run Date: 7/17/2019 08:26:18

Page 1 of 2
Stinde v. Schoenbeck, et al. (19-1140) Document No.:          000068

STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT

**Name:** STINDE, RAYMOND J

**Hearing Date/Time:** 7/11/2019  01:10 PM

**Incident Number:** 201901999/1 - PNK

**IDOC Number:** R34993

**Living Unit:** MEN-N2-06-33

**Status:** Final

**Race:** BLK

**Orientation Status:** N/A

---

CHRISTOPHER S THOMPSON / LJL  7/17/2019
**Chief Administrative Officer**

Signature                  07/17/19
                            Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F

Employee Serving Copy to Committed Person

7-21-19   7:00
When Served - - Date and Time

RECEIVED

SEP 03 2019

In Date: 7/17/2019 13:47:02

Stinde v. Schoenbeck, et al. (19-1140) Document No.:        000067

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** STINDE, RAYMOND J    **IDOC Number:** R34993    **Race:** BLK

**Hearing Date/Time:** 7/11/2019  01.10 PM    **Living Unit:** MEN-N2-06-33    **Orientation Status:** N/A

**Incident Number:** 201902008/1 - PNK    **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/3/2019 | 201902008/1-PNK | URASKI, JON M | R1 CELLHOUSE | 10:15 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 102b | Assault _Comments:Inmate Van Oppen Y31437_ | Guilty |
| 110 | Impeding or Interfering with an Investigation _Comments:Refused to cooperate_ | Guilty |
| 202 | Damage Or Misuse of Property | Guilty |
| 214 | Fighting | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
DR read to inmate.  Inmate pled not guilty, stating "I don't know what I did, the devil had control".

## BASIS FOR DECISION
Reporting Intelligence Unit Officer Uraski completed an inquiry into an altercation between inmates Van Oppen Y31437 and Stinde R34993.  The inquiry was initiated due to the Investigations Unit receiving information from staff that inmate Van Oppen possessed multiple injuries consistent with an altercation. Inmate Van Oppen was taken to the Health Care Unit and was treated for multiple cuts and bruising to his face. During an interview Van Oppen stated he and Stinde had been arguing. Van Oppen stated Stinde said when the doors opened he was going to fight Van Oppen.  Van Oppen stated he did not want to get caught off guard and when R1-D-13 door opened he went into the cell and he and Stinde began striking each other with closed fist punches.  Van Oppen stated Stinde struck him in the head with a hotpot and that the hotpot broke free from the handle and Stinde began using the handle to strike him in the face until the altercation was broken up by a porter.  Stinde was escorted to the Health Care Unit to be assessed for his injuries which were consistent with a physical altercation. While at the Health Care Unit the Investigations Unit attempted to interview Stinde. Stinde was non-compliant stating "I don't know anything, I did not do anything, I have nothing to say". Stinde would not answer any questions and refused to cooperate with the Investigations Unit.  The Investigations Unit was forced to complete interviews with other sources on the wing. The multiple confidential inmate sources who shall remain nameless for security reasons and deemed reliable due to the consistencies in the description of the event as it occurred stated that Stinde and Van Oppen exchanged closed fist punches inside R1-D-13. Inmate failed to provide a relevant statement. Inmate identified by ID card.

Inmate Stinde R34993 is designated a SMI. Mental Health was contacted who recommended no segregation. The Adjustment Committee is recommending segregation due to violent nature of the assault.

_Ex. 40_

## DISCIPLINARY ACTION  _(Consecutive to any priors)_

**RECOMMENDED**
6 Months C Grade
2 Months Segregation
Revoke GCC or SGT 2 Months
6 Months Commissary Restriction
6 Months Contact Visits Restriction
**Basis for Discipline:**Nature of offense

**FINAL**
6 Months C Grade
2 Months Segregation
Revoke GCC or SGT 2 Months
6 Months Commissary Restriction
6 Months Contact Visits Restriction

_Addressed 9/5/19_

**RECEIVED** SEP 03 2019

Stinde v. Schoenbeck, et al. (19-1140) Document No.:    000070

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Name: STINDE, RAYMOND J

Hearing Date/Time: 7/11/2019   01:10 PM

Incident Number: 201902000/1 - PNK

IDOC Number: R34993

Living Unit: MEN-N2-06-33

Status: Final

Race: BLK

Orientation Status: N/A

---

CHRISTOPHER S THOMPSON / LJL  7/16/2019
**Chief Administrative Officer**

Signature

07/16/19
**Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504 Subpart F

**Employee Serving Copy to Committed Person**

7-18-19   700
**When Served  - Date and Time**

RECEIVED

SEP 03 2019

Run Date: 7/17/2019 08:26:18

Stinde v. Schoenbeck, et al. (19-1140) Document No.:       000069

IN THE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

RAYMOND STENDE
      **Plaintiff,**

VS.

FRANK
LAWRENCE, ET. AL
      **Defendant**

)
)
)
)
)
)
)

Case No.: _____

---

## NOTICE OF FILING/PROOF OF SERVICE

TO:  CLERK OF THE COURT
     SOUTHERN DISTRICT OF ILLINOIS
     _____
     _____

TO:  _____
     _____
     _____
     _____

TO:  _____
     _____
     _____
     _____

TO:  _____
     _____
     _____
     _____

PLEASE TAKE NOTICE that on SEPTEMBER 2ND, 20 21, I have placed the documents listed below in the institutional mail at MENARD Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service E-FILING TO THE UNITED STATES SOUTHERN DISTRICT COURT THE FOLLOWING:

| | |
|---|---|
| 1.) 1983 CIVIL RIGHTS COMPLAINT | 4.) 3 LETTERS FROM LAWYERS |
| 2.) MOTION FOR COUNSEL | 5.) NOTICE OF FILING/PROOF OF SERVICE |
| 3.) EXHIBITS 1-40 | |

## DECLARATION UNDER PENALTY OF PERJURY

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters there in stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

Pursuant to 28 USC 1746 and 18 USC 1621, I declare under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: 9-2-21 _____

/s/ RL Stb _____
NAME: RAYMOND STENDE
IDOC#: R34993
MENARD Correctional Center
P.O. Box 1000
MENARD, IL 62259



9-7-21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
prisoner.esl@ilsd.uscourts.gov

**ELECTRONIC FILING COVER SHEET**

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Stinde, Raymond          R34993
_Name_                    _ID Number_

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?          (Yes) or No

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?    Yes or (No)

    If yes, please list case number:  _____ N/A _____

    If yes, but you do not know the case number mark here:  _____

3.  Should this document be filed in a pending case?               Yes or (No)

    If yes, please list case number:  _____ N/A _____

    If yes, but you do not know the case number mark here:  _____

4.  Please list the total number of pages being transmitted:       93

5.  If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

| Name of Document | Number of Pages |
| --- | --- |
| — Complaint | 24 |
| — Exhibits | 57 |
| — Motion For Recruitment of Counsel | 6 |
| (with Legal Letters) | — |
| — Motion To Proceed Without Cost + Trust Fund Statements | 5 |
| — Notice of Filing / Proof of Service | 1 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.