## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAYMOND STINDE, #R34993, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | Case No. 3:21-cv-01108-SMY |
| | ) | |
| SCOTT THOMPSON, | ) | |
| C/O DOER, | ) | |
| C/O TOMSHACK, | ) | |
| C/O BOWIES, | ) | |
| C/O URASKI, | ) | |
| NURSE DANNI, | ) | |
| SARGENT MONROE, | ) | |
| CHARLES HECK, | ) | |
| MARCUS MYERS, | ) | |
| C/O BROWN, | ) | |
| SARGENT BRANDT, | ) | |
| MS. HOOD, | ) | |
| MARNARTI, | ) | |
| EVELSIZER, | ) | |
| LINDBERG, | ) | |
| LAWRENCE, | ) | |
| MS. ZIMMER, | ) | |
| ANGELA CRAIN, | ) | |
| DR. SIDDIQUI, | ) | |
| NURSE JANE DOE, | ) | |
| DEBBIE KNAUER, | ) | |
| MOLLY MCELVAIN, and | ) | |
| DR. S. LANE, | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Raymond Stinde, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He asserts claims for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center and Menard Correctional Center.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C.

§ 1915A.  Any portion of the Complaint that is frivolous or malicious, fails to state a claim for

relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C.

§ 1915A(b).  Before screening the claims under 28 U.S.C. § 1915A, the Court will first consider

whether any claims or parties are improperly joined and subject to severance.  *George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

The Court has reviewed the *pro se* Complaint and identified at least nine claims,

summarized for purposes of this Order, as follows:

Count 1:    Eighth Amendment claim against Doer and Tomshack for failing to protect Plaintiff from an attack by another inmate at Pinckneyville on July 2, 2019.

Count 2:    Eighth Amendment claim against Nurse Danni for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying him medical treatment and medication on July 2, 2019 after a physical altercation with another inmate at Pinckneyville.

Count 3:    Eighth Amendment claim against McElvain and Lane for failing to properly complete information on disciplinary reports which resulted in his serious mental illness not being considered when sanctions were imposed by the Adjustment Committee for the disciplinary proceedings held at Pinckneyville on July 11, 2019.

Count 4:    Fourteenth Amendment claim against Heck, Myers, Thompson, and Knauer for due process violations in the disciplinary proceedings at Pinckneyville related to the July 2, 2019 altercation.

Count 5:    Eighth Amendment claim against Heck, Myers, Thompson, and Knauer for exhibiting deliberate indifference to Plaintiff's serious mental health needs by imposing, and/or condoning the imposition of segregation as a sanction for the disciplinary proceedings at Pinckneyville on July 11, 2019 despite the recommendation of a mental health professional.

Count 6:    Eighth Amendment claim against Brown, Brandt, Hood, Marnarti, Evelsizer, Lindberg, and Lawrence for subjecting Plaintiff to unconstitutional conditions of confinement in segregation at Menard Correctional Center from July 11, 2019 to August 26, 2019.

2

Count 7:       Eighth Amendment claim against Nurse Jane Doe for exhibiting deliberate indifference to Plaintiff's joint pain as a result of lupus at Menard on July 19, 2019.

Count 8:       Eighth Amendment claim against NP Zimmer for exhibiting deliberate indifference to Plaintiff's joint pain as a result of lupus by failing to ensure Plaintiff received the medication she prescribed at Menard on August 1, 2019.

Count 9:       Eighth and/or Fourteenth Amendment claim against Crain and Dr. Siddiqui for turning a blind eye to NP Zimmer's conduct in their response to Plaintiff's October 14, 2019 grievance at Menard.

## Discussion

Counts 1 through 9 are improperly joined together in the same action. The nine claims fall into at least two distinct groups. The first group includes claims arising at Pinckneyville between July 2, 2019, and July 11, 2019 (Counts 1-5). The second group includes claims arising at Menard between July 11, 2019, and October 14, 2019 (Counts 6-9). These two sets of claims are subject to further division because they involve different events and defendants. For example, Counts 1 and 2 involve Doer, Tomshack, and Nurse Danni; Counts 3, 4, and 5 involve McElvain, Lane, Heck, Myers, Thompson, and Knauer; Count 6 involves Brown, Hood, Marnarti, Brandt, Evelsizer, Lindberg, and Lawrence; and Counts 7, 8, and 9 involve Nurse Jane Doe, Zimmer, Crain, and Dr. Siddiqui.[1] These claims and defendants cannot proceed together in the same case.

The Federal Rules of Civil Procedure prohibit a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. *See* FED. R. CIV. P. 20. Multiple defendants may not be joined in a single action unless the plaintiff brings at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*,

---

[1] The Complaint contains scant information about "Sargent Monroe," Officer Uraski, or Officer Bowies, so the Court has not identified them in connection with any claims.

507 F.3d at 607.  Rule 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants.  *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing FED. R. CIV. P. 21).

The Seventh Circuit Court of Appeals recently provided a framework for addressing Complaints presenting joinder issues.  *See Dorsey v. Varga*, -- F.4th --, 2022 WL 17688525 (7th Cir. decided Dec. 15, 2022).  Consistent with that framework, Plaintiff's Complaint will be stricken based on the improper joinder issues described above.  Plaintiff will be given an opportunity to amend the complaint before the Court screens his claims under § 1915A.

### Disposition

The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. *See Dorsey v. Varga*, -- F.4th --, 2022 WL 17688525 (7th Cir. 2022) (citing FED. R. CIV. P. 20 and 21).  Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **March 7, 2023** that focuses on one claim or set of related claims against one or more defendants and arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus.  Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir.  2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  He should list this case number on the first page (*i.e.*, Case No. 21-cv-01108-SMY).  The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same Complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them.

Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims.  If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under § 1983, and should file any new lawsuit before the 2-year time period expires. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(g).

Should Plaintiff fail to file his First Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

The Clerk of Court is **DIRECTED** to mail Plaintiff four (4) blank civil rights complaint forms for use in preparing the First Amended Complaint and any other lawsuit he wishes to bring.

**IT IS SO ORDERED.**

**DATED:  February 6, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**