IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND STINDE, #R34993,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-01108-SMY |
| ) | |
| **CORRECTIONAL OFFICER BROWN,** ) | |
| **CORRECTIONAL COUNSELOR HOOD,** ) | |
| **LIEUTENANT MARNARTI,** ) | |
| **SERGEANT BRANDT,** ) | |
| **MAJOR EVELSIZER,** ) | |
| **SERGEANT LINDBERG,** ) | |
| **WARDEN LAWRENCE,** ) | |
| **NURSE PRACTITIONER MARY ZIMMER** ) | |
| **NURSE ANGELA CRAIN,** ) | |
| **DR. MOHAMMED SIDDIQUI, and** ) | |
| **UNKNOWN NURSES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the Amended Complaint (Doc. 44)[1] pursuant to 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 44 at ¶¶ 1-92): Plaintiff transferred from Pinckneyville Correctional Center to Menard Correctional Center on July 11, 2019, following an altercation with an inmate that resulted in his punishment with two

---

[1] The Amended Complaint at Doc. 44 supersedes and replaces all prior versions of the Complaint and renders all earlier versions **VOID**. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Accordingly, Plaintiff's Motion to Amend Complaint (Doc. 39) filed July 5, 2023 is **DENIED**.

months in segregation. Before the transfer, two mental health professionals recommended against his placement in segregation due to his mental health diagnoses (*i.e.*, depression and bipolar disorder) and chronic illness (lupus).

Defendants Brown, Hood, Marnarti, Brandt, Evelsizer, Lindberg, and Lawrence were aware that mental health professionals recommended against Plaintiff's placement in segregation. They were also aware of the adjustment committee's conclusion that his punishment could be altered or reduced based on the mental health recommendations, his participation in treatment, and his compliance with facility rules.

Plaintiff was nevertheless placed in segregation when he arrived at Menard without his personal belongings, including his pain medication and hygiene supplies. The cell contained a rusty bedframe and urine-stained mattress with no mattress protector or bedding. Plaintiff was given no hygiene supplies or access to cold water for consumption. He repeatedly asked the defendants for bedding and hygiene supplies. However, they failed to provide these items for weeks, even months. Plaintiff developed an itchy and painful skin condition. Despite the defendants' ongoing efforts to treat Plaintiff's condition, it only worsened with time due to his continued exposure to dirty living conditions.

Defendants Zimmer, Crain, Siddiqui, and Unknown Nurses were aware that Plaintiff required pain medication to manage joint pain associated with his lupus, yet these defendants failed to provide it. At his prior facility, Plaintiff was given Ibuprofen (600 mg), but the medication was confiscated during his transfer to Menard. Without it, Plaintiff suffered chronic pain. He asked Defendants Zimmer, Crain, Siddiqui, and various unknown nurses to provide him with pain medication daily. Zimmer increased his prescription to 800 milligrams of Motrin/Ibuprofen on August 1, 2019. However, Zimmer and the other defendants failed to

provide the medication to Plaintiff until October 11, 2019.  The denial of access to medication prolonged Plaintiff's pain unnecessarily and left him in worse condition than when he arrived at the prison.

Defendants Crain and Siddiqui improperly denied Plaintiff's grievance filed on or around October 14, 2019, until four months later on February 19, 2020.  Their response was not filed at Menard until March 13, 2020.  In the grievance, Plaintiff addressed the ongoing denial of pain medication for his lupus beginning July 11, 2019.  These defendants acknowledged that he was supposed to carry his pain medication with him at all times from the moment he arrived at Menard.  The two defendants refused to acknowledge his numerous verbal and written requests for the medication.  They indicated that he never asked the available nursing staff for a refill until October 11, 2019, and concluded that Plaintiff, not the nursing staff, failed to fulfill his own obligation to request the medication.

Plaintiff asserts the following claims in the Amended Complaint (Doc. 44):

Count 1: Eighth Amendment claim against Defendants Brown, Hood, Marnarti, Brandt, Evelsizer, Lindberg, and Lawrence for subjecting Plaintiff to unconstitutional conditions of confinement in segregation for two months beginning July 11, 2019.

Count 2: Eighth Amendment claim against Defendants Zimmer, Crain, Siddiqui, and Unknown Nurses for their deliberate indifference to Plaintiff's need for pain medication to manage chronic joint pain associated with his lupus beginning July 11, 2019.

Count 3: Fifth and/or Fourteenth Amendment claims against Defendants Crain and Siddiqui for denying Plaintiff's grievance regarding medication for his lupus filed on or around October 14, 2019.

In connection with these claims, Plaintiff seeks declaratory, monetary,[2] and injunctive relief.[3]

---

[2] This includes a request for punitive damages, which Plaintiff designates as Count IV. (Doc. 44, pp. 17-18).
[3] In his request for relief, Plaintiff seeks several permanent injunctions.  *See* Doc. 44 at ¶¶ B, D, F.  The Court interprets this as a request for relief *at the close of the case*.  In paragraph 5, however, he also cites Federal Rule of Civil Procedure 65, governing temporary restraining orders (TRO) and preliminary injunctions.  If Plaintiff requires

(*Id*. at 17-18, ¶¶ A-F).

### Count 1

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they respond with deliberate indifference to conditions that deny prisoners "the minimal civilized measure of life's necessities," including adequate shelter and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016).  To state such a claim, Plaintiff must plead facts suggesting the prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837.  The allegations suggest that Plaintiff endured unconstitutional conditions of confinement for two months in segregation beginning July 11, 2019 due to the deliberate indifference of Defendants Brown, Hood, Marnarti, Brandt, Evelsizer, Lindberg, and Lawrence. Therefore, Count 1 will proceed against these individuals.

### Count 2

An Eighth Amendment claim for the denial of medical care requires a prisoner-plaintiff to show that (1) he suffered from a serious medical condition (objective element); and (2) each defendant was deliberately indifferent to a risk of serious harm from that condition (subjective element). *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011).  A condition that significantly affects an individual's daily activities or involves chronic and substantial pain is considered objectively serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  Plaintiff's lupus and related joint pain satisfies the objective component of this claim at screening.  Defendants Zimmer, Crain, and Siddiqui's alleged knowing or intentional disregard of his pain and requests for pain

---

interim injunctive relief, he may file a separate "Motion for TRO and/or Preliminary Injunction" at any time during the pending action, setting forth the exact relief he requires and the facts that support his request for this relief.

mediation refills satisfies the subjective element. *Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015). Therefore, Count 2 will proceed against Defendants Zimmer, Crain, and Siddiqui.

This claim cannot proceed against "Unknown Nurses" named as defendants because Plaintiff does not refer to them individually in the statement of his claim. Because § 1983 liability hinges on personal involvement in or responsibility for a constitutional violation, the allegations must at least suggest that each defendant was personally responsible for the denial of his medical care. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, Plaintiff could have identified each individual defendant in the case caption in generic terms, *e.g.*, John/Jane Doe 1, John/Jane Doe 2, *etc.*, and set forth allegations against each individual in the body of the Amended Complaint. Because he did not do so, Count 2 will be dismissed without prejudice against Defendants Unknown Nurses.

### Count 3

Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause of the Fifth or Fourteenth Amendment per se. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The alleged mishandling of grievances by individuals who otherwise did not cause or participate in the underlying conduct states no independent claim against them. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). As such, Plaintiff's Fifth and/or Fourteenth Amendment due process claim against Defendants Crain and Siddiqui for denying Plaintiff's medical grievance will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Disposition

The Amended Complaint (Doc. 44) survives screening pursuant to 28 U.S.C. § 1915A and shall proceed against the below-listed defendants, in their individual capacities, as follows:

- **COUNT 1** will proceed against Defendants **BROWN, HOOD, MARNARTI, BRANDT, EVELSIZER, LINDBERG,** and **LAWRENCE**, in their individual capacities;

- **COUNT 2** will proceed against Defendants **ZIMMER, CRAIN,** and **SIDDIQUI,** in their individual capacities.

**COUNT 2** against Defendants **UNKNOWN NURSES** is **DISMISSED without prejudice**, and **COUNT 3** against Defendants **CRAIN** and **SIDDIQUI** are **DISMISSED with prejudice** for failure to state a claim for relief against these defendants.

The **WARDEN of MENARD CORRECTIONAL CENTER**, currently Warden Anthony Wills, is **ADDED** as a defendant in his or her official capacity for purposes of carrying out any injunctive relief that is ordered.

Plaintiff's Motion to Amend Complaint (Doc. 39) filed July 5, 2023 is **DENIED**.

The Clerk shall prepare for Defendants **WARDEN of MENARD CORRECTIONAL CENTER (official capacity only) (currently ANTHONY WILLS), BROWN, HOOD, MARNARTI, BRANDT, EVELSIZER, LINDBERG, LAWRENCE, ZIMMER, CRAIN,** and **SIDDIQUI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 44), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Warden of Menard Correctional Center must only file a notice of appearance and need not file an answer or other response to the Amended Complaint. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**Consistent with the above, the Clerk of Court is DIRECTED to ADD the WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only); TERMINATE Defendants UNKNOWN NURSES as parties; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

IT IS SO ORDERED.

DATED:   October 3, 2023            *s/ Staci M. Yandle*
                                    **STACI M. YANDLE**
                                    **United States District Judge**

**Notice to Plaintiff**

      Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.